**REESE LLP**
Michael R. Reese
Carlos F. Ramirez (*Pro Hac Vice* to be Submitted)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*
   *cramirez@reesellp.com*

**REESE LLP**
George V. Granade
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Email: *ggranade@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*Pro Hac Vice* to be Submitted)
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Email: *spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>APPLE, INC.. a California Company<br><br><br><br>Defendant | Case No. _____<br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

CLASS ACTION COMPLAINT

Plaintiff David Andino ("Plaintiff") by his attorneys alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. Apple Inc. ("Defendant") is one of the world's largest computer and phone manufacturers and retailers, and includes among its myriad services the option for consumers to <u>Rent</u> or <u>Buy</u> movies, television shows, music and other media (the "Digital Content") for a fee.

2. Consumers can "Buy" or "Rent," and subsequently access their Digital Content, in a variety of ways via a smart phone, computer or tablet, and by using certain of Defendant's "iTunes" applications or "apps," which are the platforms where consumers and Defendant interact. Consumers can also access their Digital Content by using a palm-sized, plastic black box manufactured by Defendant called Apple TV. When connected to a television set, it can be used to "Buy" or "Rent," and subsequently access, among other things, the Digital Content.

3. In the event that a consumer desires to "Rent" a movie ("Movie Content"), Defendant advertises that, for a fee of around $5.99, the consumer will have access to the Movie Content for 30 days and then for 48 hours after the consumer first starts to watch the Movie Content.

4. For a much higher fee of around $19.99, Defendant offers the option to "Buy" the Movie Content.

5. Below is a representative example of the options available to a consumer on Defendant's "iTunes Store" app at the digital point-of-sale of Movie Content:



6. In the event that a consumer desires to "Buy" a television show ("Show Content"), Defendant will sell it for a fee of around $3.99 per episode.

7. For a much higher fee of around $29.99, Defendant offers the option to "Buy" an entire season of Show Content.

8. Below is a representative example of the options available to a consumer on Defendant's "iTunes" app at the digital point-of-sale of Show Content:



9. In the event that a consumer desires to "Buy" a music song ("Music Content"), Defendant will sell it for a fee of around $1.29 per song.

10. If a song is part of an album of Music Content, Defendant offers the option to "Buy" the album for a fee of around $11.99.

11. Below is a representative example of the options available to a consumer on Defendant's "iTunes" app at the digital point-of-sale of Music Content:



12. When a consumer chooses the option to "Buy" on the page of the Digital Content by clicking on the "Buy" button, the Digital Content instantly becomes available in the consumer's Digital Content library without the consumer needing to accept any terms and conditions pursuant to a clickwrap agreement.

13. Regardless of which device is used to access Digital Content, or which "iTunes" app is used to buy or rent the Digital Content, the app provides a tab or folder labeled "Purchased." Clicking on the word "Purchased," takes the consumer to the Digital Content it owns. Below are several examples:



Movies Purchased with the "movies iTunes" app on Apple TV.



Movies purchased with the "iTunes" app on a MacBook Air laptop computer.

5



Movies purchased with the "iTunes Store" app on an iPhone.

14. "Purchased" folders that store consumers' Show Content and Music Content also exist on Defendant's various "iTunes" apps.

15. Reasonable consumers will expect that the use of a "Buy" button and the representation that their Digital Content has been "Purchased" means that the consumer has paid for full access to the Digital Content and, like any other purchased product, that access cannot be revoked.  In other words, just like Best Buy cannot come into a person's home to repossess the movie DVD that such person purchased from it, Defendant should not be able to remove Digital Content from its customers' Purchased folders.

16. Unfortunately for consumers who chose the "Buy" option, this is deceptive and untrue. Rather, the ugly truth is that Defendant secretly reserves the right to terminate the consumers' access and use of the Digital Content at any time, and has done so on numerous

occasions, leaving the consumer without the ability to enjoy their already-bought Digital Content.

17.   Defendant's representations are misleading because they give the impression that the Digital Content is purchased – *i.e.* the person owns it – when in fact that is not true because Defendant or others may revoke access to the Digital Content at any time and for any reason.

18.   In so representing the "Purchase" of Digital Content as true ownership of the content, Defendant took advantage of the (1) cognitive shortcuts made at the point-of-sale, *e.g.* Rent versus Buy and (2) price of the Digital Content, which is akin to an outright purchase versus a rental.

19.   Though some consumers may get lucky and never lose access to any of their paid-for media, others may one day find that their Digital Content is now gone forever.  Regardless, all consumers have overpaid for the Digital Content because they are not in fact owners of the Digital Content as represented by Defendant, despite having paid the amount of compensation necessary to "Buy" the product.

20.   Defendant's representations that consumers are truly purchasing their Digital Content are designed to – and do – deceive, mislead and defraud consumers.  The following quote from a Forbes article explains the disappearing Digital Content issue with respect to Defendant's sale of Movie and Show Content:

> A woman from Illinois contacted me to say that she has lost multiple iTunes TV show and movie purchases over time, with varying outcomes when she's taken each case up with Apple. Timeless Season 1 disappeared, but was reinstated after sufficient 'nagging'. A selection of movie purchases/code redeems were also lost: Hercules (2014), How To Train Your Dragon, Gone Girl, The Intern, If I Stay, The Final Girls, Romancing The Stone and Birdman. All were eventually restored, but only after 'a week of calls and live chats' with Apple. Or two weeks in Hercules case.

John Archer, *Apple Responds To Disappearing iTunes Movie Purchases Issue*, FORBES (Sep. 17, 2018).

21. The above complaint is not new news for Defendant. Indeed, Defendant has been aware for years now that consumers are routinely misled by the manner in which it "sells" Digital Content. In a different Forbes article about this issue, Apple admits to being on notice about the problem:

> Reports have started to emerge of Apple completely deleting films from iTunes accounts even when they've been bought, not merely rented. And when people complain about this, they're receiving an astonishing message from Apple telling them that iTunes is just a "store front," and so Apple isn't to blame if a film studio decides it no longer wants to make its titles available on iTunes.

John Archer, *Apple Is Deleting Bought Films From iTunes Accounts - And Don't Expect A Refund*, FORBES (Sept. 13, 2018).

22. Defendant has sold more Digital Content, and at substantially higher prices per unit than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

23. The consumer's belief that they truly own the Digital Content has a material bearing on price or consumer acceptance of Defendant's digital content delivery services because consumers are willing to pay substantially more for Digital Content that they believe they can access at any time and for an indefinite period.

24. The value of the Digital Content that Plaintiff and the Class members purchased and consumed was materially less than its value as represented by Defendant.

25. Had Plaintiff and Class members known the truth, they would not have bought the Digital Content from Defendant or would have paid substantially less for it.

26. As a result of the false and misleading representations, the Digital Content is sold at a premium price, compared to other similar Digital Content and services represented in a non-misleading way.

## JURISDICTION AND VENUE

27. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

28. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]"

29. Plaintiff David Andino is a citizen of Sacramento, California in Sacramento County.

30. Defendant Apple Inc. is a California corporation with a principal place of business in Cupertino, Santa Clara County, California and is a citizen of California.

31. Venue is proper because Plaintiff and many Class members reside in this District and Defendant does business in this District and State.

32. This court has personal jurisdiction over Defendant because it conducts and transacts business, contracts to supply and supplies goods within California.

33. A substantial part of events and omissions giving rise to the claims occurred in this District.

## PARTIES

34. Plaintiff David Andino is a citizen of Sacramento, California in Sacramento County.

35. Defendant Apple Inc. is a California corporation with a principal place of business in Cupertino, Santa Clara County, California and is a citizen of California.

36. During the relevant statutes of limitations, Plaintiff purchased the Digital Content within this district and/or State for personal consumption and/or use in reliance on the representations that access to the Digital Content upon its purchase would not be revoked by Defendant or others.

## CLASS ALLEGATIONS

37. The class consists of all persons who purchased Digital Content from Defendant within the State of California from August 13, 2016 through class certification and trial (the "Class").

38. Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; and, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

39. Common questions of law or fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and other Class Members are entitled to damages.

40. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions by Defendant.

41. Plaintiff is an adequate representative because his interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on Defendant's practices and the Class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

44. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect Plaintiff's and the other Class Members' interests.

45. Plaintiff seeks class-wide injunctive relief because the practices continue as well as restitution.

## CLAIMS

### FIRST CLAIM
**Violation of California's Consumers Legal Remedies Act,
Cal. Civ. Code § 1750 *et seq.*
On Behalf of the Class
Seeking Injunctive Relief Only**

46. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

47. Plaintiff brings this claim on behalf of the Class for violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA").

48. This claim is for injunctive relief only, pursuant to California Civil Code section 1782(d).

49. Under the CLRA, "services" means "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b).

50. The component of Defendant's iTunes app that enables online playing of "Purchased" Digital Content is a "service" under the CLRA.

51. Under the CLRA, "consumer" means "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." *Id.* § 1761(d).

52. Plaintiff and the Class members are "consumers" under the CLRA.

53. Under the CLRA, "person" means "an individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 1761(c).

54. Defendant is a "person" under the CLRA.

55. Under the CLRA, "transaction" means "an agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." *Id.* § 1761(e).

56. Defendant, on the one hand, and Plaintiff and the Class members, on the other hand,

engaged in "transactions" under the CLRA because, among other reasons, Defendant agreed to sell, and pursuant to that agreement sold, Digital Content to Plaintiff and the Class members.

57. Defendant's actions, representations, omissions, and conduct have violated the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods and services to consumers.

58. Under California Civil Code section 1770(a):

> (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> * * * * *
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . .

*Id.* § 1770(a).

59. As detailed above, Defendant has violated California Civil Code section 1770(a)(5) by representing that the Digital Content it sold to Plaintiff has characteristics and benefits that it does not have, i.e., Defendant made representations to Plaintiff and the Class members indicating that the Digital Content had been "Purchased" and, as such, that it would be available for viewing and/or listening online indefinitely, when in fact Defendant knew that the Digital Content could become unavailable for viewing due to content provider licensing restrictions or other reasons.

60. Defendant violated the CLRA by making the representations and omissions it made at the Digital Content point-of-sale detailed above when it knew, or should have known, that its representations and omissions were false and misleading.

61. Plaintiff and the Class members believed Defendant's representations that the Digital Content would available to them online indefinitely.

62. Plaintiff and the Class members would not have purchased the Digital Content, but for the misleading representations and/or omissions by Defendant detailed above.

63. The Digital Content Plaintiff and the Class members received was worth less than the Digital Content for which they paid. Plaintiff and the Class members paid a premium price on account of Defendant's misrepresentations and/or omissions detailed herein.

64. Plaintiff and the Class members were injured in fact and lost money as a result of Defendant's representations and/or omissions about the Digital Content detailed above. Plaintiff and the Class members paid for Digital Content they thought they were purchasing and, as such, would be available for viewing indefinitely, when in fact Defendant knew that the Digital Content could become unavailable for viewing due to content provider licensing restrictions or other reasons.

65. Plaintiff, on behalf of the Class members, requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to California Civil Code section 1780(a)(2). If the Court does not restrain Defendant from engaging in these practices in the future, Plaintiff and the Class members will be harmed in that they will continue to believe they are purchasing Digital Content for viewing and/or listening indefinitely, when in fact, the Digital Content can be made unavailable at any time.

66. Therefore, Plaintiff prays only for injunctive relief.

**SECOND CLAIM**
**Violation of California's False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500** *et seq.*
**On Behalf of the Class**

67. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

68. Plaintiff brings this claim on behalf of the Class for violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (the "FAL").

69. At all relevant times, Defendant has engaged in advertising and marketing representing that the Digital Content may be purchased by consumers for viewing and/or listening

13

online indefinitely.

70. Defendant engaged in its advertising and marketing with intent to directly induce consumers, including Plaintiff and the Class members, to purchase the Digital Content based on Defendant's false and misleading representations and omissions.

71. In making and disseminating the representations and omissions detailed herein, Defendant knew or should have known that the representations and omissions were untrue or misleading.

72. Plaintiff and the Class members believed Defendant's representations that the they had purchased the Digital Content and, accordingly, the Digital Content would be available for viewing and/or listening indefinitely.

73. Plaintiff and the Class members would not have purchased the Digital Content, but for the misleading representations and/or omissions by Defendant detailed above.

74. The Digital Content Plaintiff and the Class members purchased was worth less than the Digital Content for which they paid. Plaintiff and the Class members paid a premium price on account of Defendant's misrepresentations and/or omissions detailed herein.

75. Plaintiff and the Class members were injured in fact and lost money as a result of Defendant's representations and/or omissions about the Digital Content detailed above. Plaintiff and the Class members paid for Digital Content that could be viewed online indefinitely but did not receive such a product because the Digital Content may become unavailable due to potential content provider licensing restrictions or for other reasons.

76. Plaintiff, on behalf of the Class members, requests that the Court enjoin Defendant from engaging in the false and misleading advertising and marketing set forth herein. If the Court does not restrain Defendant from engaging in such conduct, Plaintiff and the Class members will be harmed in that they will continue to purchase Digital Content they believe will be available indefinitely, when in fact, the Digital Content can be made unavailable at any time.

77. Therefore, Plaintiff prays for injunctive relief and restitution.

**THIRD CLAIM**
**Violation of California's Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200** *et seq.*
**Unlawful, Unfair, and Fraudulent Prongs**
**On Behalf of the Class**

78. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

79. Plaintiff brings this claim on behalf of the Class for violation of the unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL").

80. The circumstances giving rise to Plaintiff's and the Class members' allegations include Defendant's corporate policies regarding the sale and marketing of Digital Content for purchase.

81. Under the UCL, "unfair competition" means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the FAL. Cal. Bus. & Prof. Code § 17200.

82. By engaging in the acts and practices described herein, Defendant has committed one or more acts of "unfair competition" as the UCL defines the term.

83. Defendant has committed "unlawful" business acts or practices by violating the CLRA and the FAL, as detailed above.

84. Defendant has committed "unfair" business acts or practices by, among other things:

   a. engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the members of the Class;

   b. engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and

   c. engaging in conduct that undermines or violates the spirit or intent of the

consumer protection laws that this Class Action Complaint invokes.

85. Defendant has committed unlawful, unfair, and/or fraudulent business acts or practices by, among other things, engaging in conduct Defendant knew or should have known was likely to and did deceive reasonable consumers, including Plaintiff and the Class members.

86. As detailed above, Defendant's unlawful, unfair, and/or fraudulent practices include making false and misleading representations and/or omissions.

87. As detailed above, Defendant has made material representations that the Digital Content purchased by Plaintiff and the Class members would be available for viewing and/or listening online indefinitely.

88. Defendant made the representations and omissions with intent to directly induce consumers, including Plaintiff and the Class members, to purchase the Digital Content based on the false and misleading representations and omissions.

89. Plaintiff and the Class members believed Defendant's representations that the Digital Content would be available for viewing and/or listening online indefinitely.

90. Plaintiff and the Class members would not have purchased the Products, but for the misleading representations and/or omissions by Defendant detailed above.

91. The Digital Content Plaintiff and the Class members received were worth less than the Digital Content for which they paid. Plaintiff and the Class members paid a premium price on account of Defendant's misrepresentations and/or omissions detailed herein.

92. Plaintiff and the Class members were injured in fact and lost money as a result of Defendant's violations of the unlawful, unfair, and/or fraudulent prongs of the UCL that are set out above. Plaintiff and the Class members paid for Digital Content that they believed would be available for viewing and/or listening online, but did not receive such a product because the Digital Content may become unavailable due to potential content provider licensing restrictions or for other reasons.

93. Plaintiff, on behalf of the Class members, requests that the Court enjoin Defendant

from engaging in the false and misleading advertising and marketing set forth herein. If the Court does not restrain Defendant from engaging in such conduct, Plaintiff and the Class members will be harmed in that they will continue to purchase Digital Content they believe will be available indefinitely, when in fact, the Digital Content can be made unavailable at any time.

94.   Therefore, Plaintiff prays for injunctive relief and restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class members, respectfully requests that the Court enter an Order:

A.   certifying the proposed Class under Federal Rule of Civil Procedure 23(a) and (b)(2), as set forth above;

B.   declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.   declaring that Defendant has committed the violations of law alleged herein;

D.   providing for any and all injunctive relief the Court deems appropriate;

E.   providing for restitution under the UCL and FAL;

F.   awarding Plaintiff his reasonable costs and expenses of suit, including attorneys' fees;

G.   awarding pre- and post-judgment interest to the extent the law allows; and

H.   providing such further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all causes of action so triable.

Dated: August 13, 2020

                                                Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
Carlos F. Ramirez
100 W 93rd Street, 16th Floor
New York, New York 10025-7524
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com

**REESE LLP**
George V. Granade
8484 Wilshire Boulevard, Suite 515
Los Angeles, Calfornia 90211
Telephone: (310) 393-0070
ggranade@reesellp.com

**SHEEHAN & ASSOCIATES, P.C.**

Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck, New York 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
spencer@spencersheehan.com

*Counsel for Plaintiff and Proposed Class*