1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ISABELLE L. ORD
isabelle.ord@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

RAJ N. SHAH (*pro hac vice* pending)
raj.shah@dlapiper.com
ERIC M. ROBERTS (*pro hac vice* pending)
eric.roberts@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California Company,<br><br>　　　　　　Defendant. | CASE NO. 2:20-CV-01628-JAM-AC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANT APPLE INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6))**<br><br>Date:　　　　February 23, 2021<br>Time:　　　　1:30 p.m.<br>Courtroom:　　6<br>Judge:　　　　Hon. John A. Mendez |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 2:20-CV-01628-JAM-AC

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on **February 23, 2021 at 1:30 p.m.**, or as soon thereafter as this matter may be heard before the Honorable John A. Mendez in the United States Courthouse, Ronald T. Matsui Federal Courthouse, 501 I Street, Sacramento, California in Courtroom 6, defendant Apple Inc. ("Apple") will and hereby does move to dismiss the Amended Complaint of plaintiff David Andino, and each claim asserted therein, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that:

1. The plaintiff lacks Article III standing to assert the claims in the Complaint or to seek injunctive relief because he has not alleged any concrete, particularized, and actual or imminent injury;

2. The plaintiff fails to state a claim because he does not plausibly allege that he purchased any good or service or suffered an injury as the result of any misrepresentation or omission by Apple, much less plead with the specificity required to assert these claims pursuant to Fed. R. Civ. P. 9(b). The plaintiff also lacks statutory standing for his CLRA, FAL, and UCL claims;

3. The plaintiff's claims for equitable relief must be dismissed because the plaintiff fails to allege that the legal remedy under the CLRA is inadequate; and

4. The plaintiff fails to plausibly allege that Apple was unjustly enriched.

This motion is made following the conference of counsel pursuant to the Court's standing order which took place on December 10, 2020.

Apple's motion to dismiss is based on this notice of motion and motion, the supporting memorandum of points and authorities, the declaration of Isabelle Ord, all pleadings and papers on file in this case, the arguments of counsel, and on such other and matters as the Court may consider.

Dated: December 16, 2020

**DLA PIPER LLP (US)**

By: /s/ *Isabelle L. Ord*
ISABELLE L. ORD
Attorney for Defendant
APPLE INC.

ISABELLE L. ORD
isabelle.ord@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

RAJ N. SHAH (*pro hac vice* pending)
raj.shah@dlapiper.com
ERIC M. ROBERTS (*pro hac vice* pending)
eric.roberts@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>APPLE INC., a California Company,<br><br>     Defendant. | CASE NO. 2:20-CV-01628-JAM-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>**(FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6))**<br><br>Date:    February 23, 2021<br>Time:    1:30 p.m.<br>Courtroom:  6<br>Judge:   Hon. John A. Mendez |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND .................................................................................................... 3

    A.    The iTunes Store and the "Digital Content" ....................................... 3

    B.    The allegedly misleading use of "Buy" and "Purchased" ................... 4

    C.    Plaintiff David Andino ....................................................................... 4

    D.    The plaintiff's claims for relief ........................................................... 5

III.    LEGAL STANDARD ........................................................................................... 5

IV.    ARGUMENT ........................................................................................................ 6

    A.    The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). ................... 6

        i.    The plaintiff lacks Article III standing to assert any of his claims ............ 6

        ii.    The plaintiff lacks Article III standing to seek an injunction and has not properly invoked the Court's equitable power to grant such relief. ................................................................................................... 9

    B.    The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). ................. 10

        i.    The CLRA, FAL, and UCL claims do not adequately allege that the plaintiff was exposed to the allegedly deceptive statements. ................... 10

        ii.    The Complaint does not plausibly allege that the terms "Buy" and "Purchased" are misleading to the reasonable consumer. ....................... 11

        iii.    The plaintiff lacks statutory standing under the CLRA, FAL, and CLRA because he has not suffered any actionable injury. ..................... 13

        iv.    The plaintiff's legal remedy under the CLRA forecloses the claims for equitable restitution. .......................................................................... 14

        v.    The plaintiff fails to plausibly allege unjust enrichment. ....................... 15

V.    CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................. 6, 12

*Avoy v. Turtle Mountain, LLC,*
2014 WL 587173 (N.D. Cal. Feb. 14, 2014) ............................................ 12

*Becerra v. Dr Pepper/Seven Up, Inc.,*
945 F.3d 1225 (9th Cir. 2019) .................................................................. 12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................... 6

*Berger v. Home Depot USA, Inc.,*
741 F.3d 1061 (9th Cir. 2014) .................................................................. 15

*Beyer v. Symantec Corp.,*
2019 WL 935135 (N.D. Cal. Feb. 26, 2019) .......................................... 8, 9

*Cahen v. Toyota Motor Corp.,*
717 F. App'x 720 (9th Cir. 2017) ............................................................... 8

*Clapper v. Amnesty Int'l USA,*
568 U.S. 398 (2013) .............................................................................. 6, 7, 8

*Corral v. Nationstar Mortg., LLC,*
2020 WL 802966 (E.D. Cal. Feb. 18, 2020) ...................................... 10, 11

*Davidson v. Kimberly-Clark Corp.,*
889 F.3d 956 (9th Cir. 2018) ................................................................ 9, 10

*Davis v. HSBC Bank Nevada, N.A.,*
691 F.3d 1152 (9th Cir. 2012) ........................................................ 3, 12, 13

*Ebner v. Fresh, Inc.,*
838 F.3d 958 (9th Cir. 2016) .................................................................... 11

*Estrada v. Johnson & Johnson,*
2015 WL 1440466 (E.D. Cal. Mar. 27, 2015) ........................................... 8

*Express, LLC v. Fetish Grp., Inc.,*
464 F. Supp. 2d 965 (C.D. Cal. 2006) ...................................................... 13

*Fernandez v. Leidos, Inc.,*
127 F. Supp. 3d 1078 (E.D. Cal. 2015) .................................................. 5, 8

*Forouzesh v. Starbucks Corp.*,
   2016 WL 4443203 (C.D. Cal. Aug. 19, 2016) ........................................................ 13

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) .................................................................................... 12

*Haskins v. Symanetc Corp.*,
   654 F. App'x 338 (9th Cir. 2016) ............................................................................ 11

*Haskins v. Symantec Corp.*,
   2013 WL 4516179 (N.D. Cal. Aug. 23, 2013) ........................................................... 7

*In re Apple Processor Litig.*,
   2019 WL 3533876 (N.D. Cal. Aug. 2, 2019) ......................................................... 8, 9

*In re Apple Processor Litig.*,
   366 F. Supp. 3d 1103 (N.D. Cal. 2019) ................................................................... 6

*In re iPhone 4S Consumer Litig.*,
   2013 WL 3829653 (N.D. Cal. July 23, 2013) ......................................................... 13

*In re MacBook Keyboard Litig.*,
   2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ......................................................... 14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) .............................................................. 10, 11

*Julian v. TTE Technology Inc.*,
   2020 WL 6743912 (N.D. Cal. Nov. 17, 2020) ....................................................... 14

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................................ 11

*Kerkorian v. Samsung Elecs. Am., Inc.*,
   2019 WL 6918293 (E.D. Cal. Dec. 19, 2019) ........................................................ 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ................................................................................................. 5

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) .................................................................................. 3

*Meyer v. Sprint Spectrum, LP*,
   45 Cal. 5th 634 (2009) ........................................................................................... 13

*Papasan v. Dometic Corp.*,
   2017 WL 4865602 (N.D. Cal. Oct. 27, 2017) ........................................................... 9

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) ............................................................................... 15

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:20-CV-01628-JAM-AC

*San Miguel v. HP Inc.*,
  317 F. Supp. 3d 1075 (N.D. Cal. 2018) ................................................................. 12, 13

*Schertzer v. Bank of Am., NA*,
  445 F. Supp. 3d 1058 (S.D. Cal. 2020) ......................................................................... 11

*Schwartz v. U.S.*,
  234 F.3d 428 (9th Cir. 2000) .......................................................................................... 3, 4

*Shin v. Washington Mut. Bank, FA*,
  2018 WL 4491185 (N.D. Cal. Sept. 19, 2018) ........................................................... 15

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) ............................................................................................................. 5

*Smith v. LG Elecs. USA, Inc.*,
  2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ............................................................... 10

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ........................................................................................... 14

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .................................................................................................. 5, 9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................................. 6

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
  436 F. Supp. 3d 1332 (E.D. Cal. 2020) ........................................................................... 5

*Stuart v. Cadbury Adams USA, LLC*,
  458 F. App'x 689 (9th Cir. 2011) .................................................................................... 12

*Sugawara v. Pepsico, Inc.*,
  2009 WL 1439115 (E.D. Cal. May 21, 2009) ............................................................... 13

*Wallace v. Nationstar Mortg., LLC*,
  2020 WL 7182085 (E.D. Cal. Dec. 7, 2020) ................................................................ 15

*Whitaker v. Health Net of California, Inc.*,
  2012 WL 174961 (E.D. Cal. Jan. 20, 2012) .................................................................... 6

*Zaback v. Kellogg Sales Co.*,
  2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ............................................................... 14

**STATUTES**

Cal. Bus. & Prof. Code § 17204 ........................................................................................ 13

Cal. Bus. & Prof. Code § 17535 ........................................................................................ 13

1

**OTHER AUTHORITIES**

2

Fed. R. Civ. P. 9(b) ................................................................................. 1, 2, 10, 11

3

Fed. R. Civ. P. 12(b)(1) ............................................................................ 1, 5, 6, 10

4

Fed. R. Civ. P. 12(b)(6) .................................................................................... passim

5

U.S. Constitution Article III ............................................................................. passim

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:20-CV-01628-JAM-AC

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3        Plaintiff David Andino's Amended Complaint ("Complaint" or "Compl.") against Apple

4 Inc. ("Apple") must be dismissed because it relies solely on a speculative and attenuated possibility

5 that a consumer who buys digital content from Apple's iTunes Store allegedly may one day find the

6 content is no longer available. The Complaint does not allege that anything of the sort actually

7 happened to this plaintiff. Instead, the Complaint selectively quotes a part of a *Forbes* article stating

8 that digital content ***may*** disappear for ***some*** users. The same article also states, however, that users

9 can secure ongoing access to the purchased digital content by downloading it to their devices—a

10 fact the Complaint does not dispute. Regardless, the Complaint asserts that all users—whether or

11 not their content ever "disappears"—have overpaid a price premium for perpetual access to the

12 content that Apple allegedly fails to maintain forever.

13        This case presents a textbook example of why Article III of the U.S. Constitution demands

14 a concrete and particularized, actual or imminent injury that is fairly traceable to the challenged

15 conduct and redressable through court action. Article III prevents plaintiffs from reading about

16 injuries they did not suffer and then bringing claims involving speculative future harm. A plaintiff

17 also does not satisfy Article III simply by reciting allegations under a price premium theory. Courts

18 have not hesitated to dismiss claims brought under the patina of a price premium theory when, as

19 here, a plaintiff has taken the theory several steps too far. Additionally, Federal Rules of Civil

20 Procedure 9(b) and 12(b)(6) require that a plaintiff seeking to assert fraud theories plead a plausible

21 claim with heightened particularity. The Complaint's sparse allegations fail to establish that the

22 plaintiff has any claim arising from the alleged misrepresentations or for unjust enrichment.

23        ***First***, dismissal is warranted under Rule 12(b)(1) because the plaintiff has not suffered any

24 concrete, particularized, and actual or imminent injury and lacks Article III standing. The plaintiff

25 never actually alleges that he purchased digital content, much less that he suffered an injury-in-fact

26 through the loss of access to any digital content. When read in its entirety, the Complaint indicates

27 that the plaintiff merely fears that he ***may*** lose access to purchased content in the future based on a

28 2018 *Forbes* article. This plainly is not enough to satisfy Article III. Nor can the Complaint satisfy

Article III by reframing the plaintiff's alleged injury as an "overpayment" of a "price premium" based on the same hypothetical and speculative events that have not and may never occur. Additionally, the plaintiff lacks standing to seek injunctive relief because he affirmatively alleges that he intends to purchase the digital content knowing that it might disappear in the future. In any event, an injunction is unnecessary to prevent such an outcome because the plaintiff has the unfettered power to download any content he may choose to buy in the future. This is not a situation that warrants resort to the Court's equitable powers.

*Second*, dismissal is warranted under Rule 12(b)(6) because the Complaint fails to plead key elements of the plaintiff's claims under the Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL"), each of which sounds in fraud and is subject to heightened pleading standards under Rule 9(b). The Complaint implies that users would choose the time-limited option to "Rent" a movie for no more than 30 days but for Apple's alleged representation that they can pay more to "Buy" the movie. However, the Complaint's umbrella term "Digital Content" lumps movies together with other media for which no rental option is available on the iTunes Store. Further, the Complaint does not allege that the plaintiff purchased a movie or any other digital content, and therefore fails to allege that he was exposed to or influenced by the allegedly misleading "Buy" versus "Rent" choice.

The plaintiff's claims should also be dismissed because the allegations of deception draw unwarranted inferences from excerpts of an article about allegedly "disappearing Digital Content." The complete article, however, confirms that users can download purchased digital content to "maintain ownership" of the content "in perpetuity," consistent with the Complaint's proffered interpretation of the "Buy" and "Purchased" language on the iTunes Store. *See* Ex. 1 to Declaration of Isabelle Ord ("Ord Decl."), ¶ 2. Moreover, the allegations that users are deprived of their purchased digital content are based on an inapt analogy that fails to consider common sense and the everyday experience of buying digital content. Accordingly, the Complaint does not plausibly allege that the terms "Buy" and "Purchased" are misleading to the reasonable consumer.

*Finally*, the claims fail in whole or in part for several additional reasons. The CLRA, FAL, and UCL claims each fail because the plaintiff's failure to plead any actual injury means that he also

1  lacks statutory standing. Further, the request for equitable restitution should be stricken from each

2  claim because the Complaint acknowledges an adequate legal remedy under the CLRA. And the

3  new unjust enrichment claim does not plausibly allege that Apple has refused to make restitution to

4  the plaintiff where it would be equitable to do so.

5      For all of the reasons set forth herein, the plaintiff's claims should be dismissed.

6  **II.    BACKGROUND**

7      On a motion to dismiss, the Court must assume that the well-pleaded factual allegations are

8  true. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). The Court may also consider

9  the complete *Forbes* article, attached as Exhibit 1 to Ord Declaration, "whose contents are alleged

10  in" paragraph 20 of the Complaint "and whose authenticity no party questions" under the

11  "incorporation-by-reference doctrine." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160

12  (9th Cir. 2012) (quotation omitted). Where they conflict, the Court need not accept allegations

13  contradicted by judicially noticeable facts. *Schwartz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000).

14      **A.    The iTunes Store and the "Digital Content"**

15      The plaintiff's claims relate to the use of the terms "Buy" and "Purchased" to describe the

16  acquisition of digital media (movies, televisions shows, and music; the "Digital Content") through

17  Apple's internet-based iTunes Store. *See generally* Compl. The Complaint alleges that Apple offers

18  iTunes users the option to either "Rent or Buy" Digital Content and "subsequently access their

19  Digital Content . . . by using certain of [Apple's] 'iTunes' applications or 'apps.'" *Id.* ¶¶ 1-2. As

20  reflected in the Complaint, the "Rent" option applies only to movies. *See id.* ¶¶ 3-5. For example,

21  the Complaint includes a screenshot of the movie "Sonic The Hedgehog" showing two buttons:

22  "$19.99 Buy" and "$5.99 Rent." *Id.* ¶ 5. According to the Complaint, by "clicking on the 'Buy'

23  button" and paying the listed price, a user of the "iTunes application" receives access to the

24  purchased Digital Content in a "tab or folder labeled 'Purchased,'" which "takes the consumer to

25  the Digital Content it owns'" *Id.* ¶¶ 12-13. The plaintiff does not allege that he ever viewed the

26  screen for "Sonic The Hedgehog" or purchased the movie. *See generally id.* The television shows

27  and songs referenced in the Complaint do not have a "Rent" option. *See id.* ¶¶ 6-11.

28  /////

### B.     The allegedly misleading use of "Buy" and "Purchased"

The Complaint asserts that "the use of a 'Buy' button" and the statement that "Digital Content has been 'Purchased'" are a representation that the user has "full access" that "cannot be revoked" with content "available for viewing and/or listening indefinitely." *Id.* ¶¶ 15, 53. According to the Complaint, Apple "should not be able to remove Digital Content from its customer's Purchased folders" because this would be like Best Buy physically "repossessing" a DVD from a consumer's "home," *id.* ¶ 15, yet Apple allegedly "secretly reserves the right to terminate the consumers' access and use of the Digital Content at any time," *id.* ¶¶ 16-17. A "consumer's belief that they truly own the Digital Content has a material bearing on price or consumer acceptance of [Apple's] digital content delivery services because consumers are willing to pay substantially more for Digital Content that they believe they can access at any time and for an indefinite period." *Id.* ¶ 23. The Complaint alleges that because consumers are "not in fact owners of the Digital Content," the "value of the Digital Content" is "materially less than its value as represented." *Id.* ¶¶ 18-19, 24.

The plaintiff ***admits***, however, that an untold number of users "never lose access to any of their paid-for media." *Id.* ¶ 19. The plaintiff himself never alleges that he actually "lost access" to any Digital Content. *See generally id.* Rather, the Complaint relies on the allegations of an anonymous individual in a 2018 *Forbes* article. *Id.* ¶ 20. The quoted excerpt from the article does not describe a complete loss of Digital Content but instead states that the user's allegedly lost "TV show and movie purchases" "were eventually restored." *Id.*

The Complaint also selectively omits a key passage from the article:

> [I]f you download any film or TV show you buy on iTunes to a compatible device, ***it can never disappear***—even if Apple loses the rights to carry that film or TV show on its own servers. ***So Apple can indeed say that if you buy a film on iTunes, there is a way that you can maintain ownership of it in perpetuity***.

*See* Ex. 1 to Ord Decl., ¶ 2 (emphasis added).

### C.     Plaintiff David Andino

The sole factual allegation about Mr. Andino is that he resides in Sacramento. Compl. ¶ 26. The Complaint does not allege he bought Digital Content of any type, its title, the date, or the price paid. The plaintiff also does not allege that he experienced any loss of purchased Digital Content or

1    that he stopped purchasing Digital Content upon reading the *Forbes* article. Despite voluntarily

2    amending the Complaint, the plaintiff did not attempt to add any more factual detail to his claims.

3           **D.**     **The plaintiff's claims for relief**

4          The Complaint generally alleges that Apple's conduct was unlawful and deceptive under the

5    CLRA, the FAL, and the UCL; and that Apple was unjustly enriched. *See generally* Compl. ¶¶ 41-

6    94. The crux of the claims—including claims under all three prongs of the UCL—is that Apple

7    "made representations to Plaintiff and the Class members indicating that the Digital Content had

8    been 'Purchased' and, as such, that it would be available for viewing and/or listening online

9    indefinitely, when in fact [Apple] knew that the Digital Content could become unavailable for

10   viewing due to content provider licensing restrictions or other reasons." *Id.* ¶ 53 (CLRA); *see also*

11   *id.* ¶¶ 65, 71 (FAL); *id.* ¶¶ 82, 85, 89 (UCL). The Complaint alleges that, based on Apple's allegedly

12   deceptive acts, the plaintiff and other members of the putative class overpaid for Digital Content

13   because "the Digital Content is sold at a premium price, compared to other similar Digital Content

14   and services represented in a non-misleading way." *Id.* ¶ 25; *see also id.* ¶¶ 57, 70, 87.

15   **III.**    **LEGAL STANDARD**

16         A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. "It is

17   presumed that a cause lies outside" the Court's "limited jurisdiction, and the burden of establishing

18   the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

19   511 U.S. 375, 377 (1994). The plaintiff must establish that he has Article III standing. *Fernandez v.*

20   *Leidos, Inc.*, 127 F. Supp. 3d 1078, 1083 (E.D. Cal. 2015). "'The irreducible constitutional minimum

21   of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that

22   is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed

23   by a favorable judicial decision.'" *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d

24   1332, 1338 (E.D. Cal. 2020) (quoting *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547

25   (2016)). "'That a suit may be a class action adds nothing to the question of standing, for even named

26   plaintiffs who represent a class must allege and show that they have been injured, not that injury has

27   been suffered by other, unidentified members of the class to which they belong.'" *Spokeo*, 136 S.

28   Ct. at 1547 n.6 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:20-CV-01628-JAM-AC

A motion under Rule 12(b)(6) challenges whether the allegations state a claim. A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Rather, the allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires more than conclusory allegations "that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556-57). The Court need not accept the truth of "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In deciding whether the claims are plausible, the Court may "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.    ARGUMENT

### A.    The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

#### i.    The plaintiff lacks Article III standing to assert any of his claims.

Every claim in the Complaint is based on a blend of speculation and abstraction that does not establish the injury-in-fact required to cross the constitutional threshold mandated by Article III. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Where a claim is based on a "threatened injury," the injury must be "***certainly impending*** to constitute injury in fact"; "allegations of ***possible*** future injury are not sufficient." *Id.* (quotations omitted). By omitting ***all detail*** about Mr. Andino as the named plaintiff, the Complaint fails to establish the injury-in-fact required for this Court to take jurisdiction, and the Complaint must be dismissed. *See, e.g., Whitaker v. Health Net of California, Inc.*, 2012 WL 174961, at *3 (E.D. Cal. Jan. 20, 2012) (dismissing where the only actual injury alleged was for someone who was "not a named plaintiff in this action"); *In re Apple Processor Litig.*, 366 F. Supp. 3d 1103, 1109 (N.D. Cal. 2019) (dismissing where the named plaintiffs did not allege they downloaded the software patch or experienced its /////

negative effects); *Haskins v. Symantec Corp.*, 2013 WL 4516179, at *3-4 (N.D. Cal. Aug. 23, 2013) (dismissing where individual plaintiff failed to connect her claim to the products).

The sole fact the Complaint alleges about the plaintiff is that he lives in Sacramento. Compl. ¶ 26. There is no allegation that Apple ever "revoked" any of the plaintiff's purchases or "terminated" his access to any purchased Digital Content, or that the plaintiff ever lost access to any Digital Content, leaving the plaintiff without any actual injury or redressable claim. Similarly, there is no allegation that Apple has set into motion a series of events that imminently will result in the plaintiff's purchases being "revoked." Even if there were such a situation (there is not), the plaintiff can "maintain ownership of [Digital Content] in perpetuity" simply by downloading the content, as advised in the *Forbes* article cited in the Complaint. *See id.* ¶ 20 (quoting article); Ex. 1 to Ord Decl., ¶ 2. In short, there is no **actual** harm or **imminent** harm. There is only speculation about a future self-inflicted harm if the plaintiff elects not to download Digital Content. His speculation that he may "**one day find** that [his] Digital Content is . . . gone forever" does not establish Article III standing especially where he also admits that he "may get lucky and never lose access to any of [his] paid-for media." Compl. ¶ 19 (emphasis added). The allegations of avoidable, self-inflicted "possible future injury" are not sufficient to invoke this Court's jurisdiction. *See Clapper*, 568 U.S. at 416 (holding that plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").

The *Clapper* decision closed the door on standing theories based on such "highly attenuated chain[s] of possibilities." *Id.* at 410. In *Clapper*, plaintiffs sought to prevent an undesired, possible outcome whereby their communications would be monitored under the government's FISA program. *Id.* at 404-06. However, they could only "speculate" that (1) the government was preparing to invoke its FISA authority, (2) would obtain authorization to proceed, (3) would acquire a communication, and (4) the communication would involve the plaintiffs. *Id.* at 411-15; *see also id.* at 413 ("we have been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment"). The Complaint here rests on a similarly speculative and attenuated chain of possibilities that cannot establish imminent harm: (1) a third party must first exercise its independent judgment to pull a title from the iTunes Store; (2) the

plaintiff must own that exact title; and (3) the plaintiff must ignore the advice in the *Forbes* article and choose not to download the title before its removal from the iTunes Store. *See* Compl. ¶¶ 20-21. This hypothetical chain of events "stretch[es]" the concept of "imminence . . . beyond its purpose" and involves an injury that is both avoidable and "too speculative for Article III purposes." *Clapper*, 568 U.S. at 409; *see also Fernandez*, 127 F. Supp. 3d at 1088-89 (dismissing claim requiring "speculation about the decisions or capabilities of independent, unidentified actors") (quotation omitted).

The plaintiff cannot avoid the requirements of Article III based on an alleged overpayment for content that ***might*** be lost. *See, e.g.*, Compl. ¶¶ 24-25. That claim rests on the same impermissible speculation foreclosed by *Clapper*. A user who believes he paid, in part, for the ability to access his Digital Content "at any time and for an indefinite period" receives and retains the full value of what he paid for unless and until he intentionally chooses not to download the content ***and*** loses access in the future. Courts do not permit plaintiffs to reframe a speculative injury as an "overpayment" claim in the absence of an actual, concrete, and particularized harm sufficient to satisfy Article III. *See Cahen v. Toyota Motor Corp.*, 717 F. App'x 720, 723-24 (9th Cir. 2017) (affirming dismissal of CLRA, FAL, and UCL overpayment claims); *Estrada v. Johnson & Johnson*, 2015 WL 1440466, at *4 (E.D. Cal. Mar. 27, 2015) (dismissing CLRA and UCL claims; "Plaintiff cannot claim that she paid a premium . . . because she received all of the intended benefits of the bargain"); *In re Apple Processor Litig.*, 2019 WL 3533876, at *6-7 (N.D. Cal. Aug. 2, 2019) (dismissing claims); *Beyer v. Symantec Corp.*, 2019 WL 935135, at *3-4 (N.D. Cal. Feb. 26, 2019) (dismissing CLRA, FAL, and UCL claims).

In *Cahen*, for example, the plaintiffs claimed that their vehicles were "worth less than what they paid" because they had weak security and were "vulnerable to being hacked." 717 F. App'x at 723. None of the plaintiffs' vehicles, however, had been hacked. *Id.* The plaintiffs' allegations of an unrealized risk, without more, made their "economic loss theory" "not credible, as the allegations that the vehicles [were] worth less are conclusory and unsupported by any facts." *Id.* Applying *Cahen*, the court in *Beyer* also found that the plaintiff's allegation of a security risk on their computers that "never materialized" did not, without more, support an "overpayment or market

1  effect theory of economic loss." 2019 WL 935135, at *4. Similarly, in the *Apple Processor*

2  *Litigation*, the court dismissed the claims despite device testing showing that the software allegedly

3  slowed down after a patch, and a regression analysis that purported to show the decrease in market

4  prices for devices putatively impacted. *See generally* 2019 WL 3533876. The court found that the

5  allegations of injury were still too conjectural as none of the named plaintiffs experienced any

6  impact from the patch, and their well-pleaded allegations did not establish such injury was certainly

7  impending.[1] *Id.* at *7.

8       Here, as in the cases cited above, the plaintiff's alleged "economic injury . . . rests only upon

9  a speculative risk of future harm," and he "has failed to establish Article III standing." *Papasan v.*

10  *Dometic Corp.*, 2017 WL 4865602, at *6 (N.D. Cal. Oct. 27, 2017) (dismissing California claims).

11  Moreover, the plaintiff cannot rely on assertions of lost content by potential class members to

12  provide Article III standing. *See Spokeo*, 136 S. Ct. at 1547 n.6. The Complaint does not allege an

13  injury-in-fact under any theory, and the Court should dismiss the Complaint in its entirety.

14         **ii.**       **The plaintiff lacks Article III standing to seek an injunction and has not**

15                   **properly invoked the Court's equitable power to grant such relief.**

16       The plaintiff also lacks standing to pursue an injunction because there is no plausible risk of

17  an imminent future harm that could be redressed by any injunction. *See, e.g.*, Compl. ¶¶ 59, 72, 90.

18  The singular, conclusory allegation that the plaintiff "will continue to purchase Digital Content [he]

19  *believe[s]* will be available indefinitely," *id.* (emphasis added), is refuted by his claim to know the

20  allegedly "ugly truth" that Apple "secretly reserves the right to terminate the consumers' access and

21  use of the Digital Content at any time," *id.* ¶ 16. The plaintiff's admission that he **will** continue

22  buying Digital Content despite knowing that it allegedly might "disappear," negates his standing to

23  pursue an injunction. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 968-69 (9th Cir. 2018).

24       The CLRA, FAL, and UCL do not grant the plaintiff standing to seek an injunction for past

25  purchases. He must affirmatively and plausibly allege a personal risk of future injury. *See generally*

26  _____

27  [1] The plaintiff's assertion that he overpaid for Digital Content is even weaker than in those cases, as

28  he affirmatively alleges that he **will** continue paying for Digital Content, even after he realized that
it allegedly may not always be available on the iTunes Store. *See* Compl. ¶¶ 59, 72, 90.

*id.* Under *Davidson*, "a previously deceived consumer ***may*** have standing to seek an injunction" if: (1) "she will be unable to rely on the product's advertising or labeling in the future, and ***so will not purchase the product*** although she would like to"; or (2) "she might purchase the product in the future, despite the fact that it was once marred by false advertising or labeling, as she may ***reasonably, but incorrectly, assume the product was improved***." *Id.* at 969-70 (emphasis added).

This case presents neither of the situations in *Davidson*. The plaintiff does not allege that he stopped buying Digital Content, nor does he allege any changes to the iTunes Store that "reasonably" cause him to "assume" that the Digital Content has "improved." In fact, the plaintiff alleges the opposite of what *Davidson* requires: an intent to continue purchasing the Digital Content despite his "knowledge that" an "advertisement or label" "will remain false in the future." *See id.* at 969. Regardless, there is no equitable basis for entering an injunction because the plaintiff can readily prevent the speculative injury of which he complains by downloading the Digital Content. The allegations and articles embraced by the Complaint eliminate any basis to seek an injunction, and the Court should dismiss the injunctive relief claims under Rule 12(b)(1).

**B.    The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).**

**i.    The CLRA, FAL, and UCL claims do not adequately allege that the plaintiff was exposed to the allegedly deceptive statements.**

As a threshold matter, the Complaint's bare-bones allegations are devoid of the specificity required under Rule 9(b) to plead the CLRA, FAL, or UCL claims, each of which relies on Apple's allegedly deceptive "representations and omissions." *See* Compl. ¶¶ 54 (CLRA), 66-67 (FAL), 84 (UCL). Where, as here, a plaintiff's UCL claims are "entirely derivative of" and rely on the same allegations of deceit as the CLRA and FAL claims, courts analyze all three claims together under Rule 9(b). *See Smith v. LG Elecs. USA, Inc.*, 2014 WL 989742, at *9-10 (N.D. Cal. Mar. 11, 2014) (dismissing claims under the CLRA, FAL, and all three prongs of the UCL for failure to plead with particularity); *see also Corral v. Nationstar Mortg., LLC*, 2020 WL 802966, at *4-5 (E.D. Cal. Feb. 18, 2020) (applying Rule 9(b) to CLRA, FAL, and UCL claims); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) ("Courts often analyze these statutes together because they share similar attributes."). Rule 9(b) requires, at minimum, the

plaintiff to "plead the 'who, what, when, where, why, and how, of the conduct charged.'" *Corral*, 2020 WL 802966, at *4 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)).

The Complaint does not meet this burden. The plaintiff does not allege a single purchase of Digital Content with any particularity. This pleading omission matters to Apple's defense. For example, the Complaint relies on what it vaguely calls a "cognitive shortcut" when a user is offered the choice to "Rent versus Buy." *Id.* ¶ 18. But these allegations apply only to movies, not other Digital Content. *See id.* ¶¶ 6-11. The plaintiff never alleges that he bought a movie or acted on the movie-specific "cognitive shortcut" that is the foundation of his claims. The Complaint therefore fails to allege with adequate particularity that the plaintiff was exposed to or influenced by the alleged misrepresentation at the time of any purchase. *See Kearns*, 567 F.3d at 1126 (affirming dismissal for failure to allege "the particular circumstances surrounding such representations" including "when [plaintiff] was exposed to them"); *Haskins v. Symanetc Corp.*, 654 F. App'x 338, 339 (9th Cir. 2016) (affirming dismissal where "complaint did not allege that [plaintiff] read and relied on a specific misrepresentation"); *Kerkorian v. Samsung Elecs. Am., Inc.*, 2019 WL 6918293, at *5 (E.D. Cal. Dec. 19, 2019) (dismissing UCL and FAL claims under Rule 9(b) in part because plaintiff failed to "specify that he was exposed to a particular statement" at the time of purchase); *In re Sony Gaming*, 996 F. Supp. 2d at 989 (requiring allegations of exposure "to the particular representation claimed to be deceptive" to sustain CLRA, FAL, and UCL claims).

For this reason alone, the Complaint fails to "provide [Apple] with adequate notice to allow [it] to defend the charge" and must be dismissed. *Kearns*, 567 F.3d at 1125.

ii. **The Complaint does not plausibly allege that the terms "Buy" and "Purchased" are misleading to the reasonable consumer.**

The CLRA, FAL, and UCL claims also fail to state a claim under Rule 12(b)(6) because they mischaracterize the "Buy" and "Purchased" language and "view[] it in an unreasonable manner." *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *Schertzer v. Bank of Am., NA*, 445 F. Supp. 3d 1058, 1086-87 (S.D. Cal. 2020) (dismissing UCL claim). Under the "reasonable consumer" standard, a statement "'does not become false and deceptive merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the

11

representation is addressed.'" *See San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075, 1089 (N.D. Cal. 2018) (quoting *Davis*, 691 F.3d at 1162). Nor does the "reasonable consumer" standard permit an inference that is "unreasonable" or "dispelled" upon examination of the "entire" or "whole" context of the statement. *Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995). The Court is not obligated to close its eyes to everyday truths or accept an implausible theory, but instead can and should "draw on its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679; *see also Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) (affirming dismissal based on common sense understanding of "diet" on diet soda label); *Stuart v. Cadbury Adams USA, LLC*, 458 F. App'x 689, 691 (9th Cir. 2011) (affirming dismissal because only "an unreasonable consumer" would think "whitening" gum did not require purchasers "to brush and floss regularly").

The Complaint attempts to create the appearance of a deceptive act by misleadingly removing the "Buy" and "Purchased" language from the context of the iTunes Store and applying an incomplete analysis based on an inapt brick-and-mortar store analogy. At step one of the analogy, the Complaint asserts that by using the terms "Buy" and "Purchased," Apple must grant "full access" to the Digital Content that "cannot be revoked." Compl. ¶ 15. At step two, the Complaint speculates about possibly "disappearing Digital Content" if Apple can no longer host Digital Content through the iTunes Store. *Id.* ¶¶ 53, 58, 71, 88; *see also id.* ¶ 21 ("iTunes is just a 'store front'" and a "film studio" can decide "it no longer wants to make its titles available on iTunes"). At step three, the Complaint attempts to analogize the content allegedly disappearing from the iTunes Store to Best Buy going to a consumer's home and physically repossessing a DVD. *Id.* ¶ 15.

The analogy falls apart, however, because there is no allegation that Apple "come[s] into a person's home to repossess" purchased Digital Content. *See id.* To the contrary, the plaintiff "pleads [himself] out of court" and "negates" his own claim, *Avoy v. Turtle Mountain, LLC*, 2014 WL 587173, at *3, 5 (N.D. Cal. Feb. 14, 2014), by offering as authority the *Forbes* article stating that downloaded content (the digital equivalent of a DVD at the plaintiff's home) "***can never disappear***—even if Apple loses the rights to carry that film or TV show on its own servers." *See* Ex. 1 to Ord Decl., ¶ 2 (emphasis added). Because a user can download purchased Digital Content for full and irrevocable access, the "Buy" and "Purchased" language is accurate under the plaintiff's

proffered interpretation of those terms. Much as proper care of a DVD ensures its functionality, in the digital era, downloading data ensures its availability.

No reasonable consumer would believe that he could leave his copy of a DVD at Best Buy indefinitely, and there is no allegation that Apple made any promise that would alter this standard expectation for the iTunes Store. *See Forouzesh v. Starbucks Corp.*, 2016 WL 4443203, at *3 (C.D. Cal. Aug. 19, 2016) (applying common sense and dismissing CLRA, UCL, and FAL claims where the menu did not "explicitly state" the alleged misrepresentation); *see also San Miguel*, 317 F. Supp. 3d at 1089 (dismissing CLRA, UCL, and FAL claims where the plaintiff failed to support subjective expectations). The Complaint cannot conjure up a misrepresentation by ignoring the whole context of the transactions on iTunes. *Davis*, 691 F.3d at 1162, 1171 (affirming dismissal of UCL and FAL claims based on the full context of misleading advertising, not just statements alleged by plaintiff).

Where, as here, a court can conclude as a matter of law that the alleged representation is unlikely to deceive the reasonable consumer, dismissal is appropriate. *Sugawara v. Pepsico, Inc.*, 2009 WL 1439115, at *3 (E.D. Cal. May 21, 2009) (dismissing claim after finding a "reasonable consumer would not be deceived" into believing "Crunchberries" contain actual fruit). Moreover, the Complaint's defects cannot be cured through amendment. The Complaint and materials properly before this Court show that Apple offers users the ability to buy Digital Content through the iTunes Store and to download it for future use. If consumers elect not to preserve their purchased content by downloading it, that does not devalue their purchase or mean that they do not actually own the content. The Court should therefore dismiss the CLRA, FAL, and UCL claims, with prejudice.

         **iii.**        **The plaintiff lacks statutory standing under the CLRA, FAL, and CLRA because he has not suffered any actionable injury.**

Actual harm also is required to establish statutory standing under each of the CLRA, FAL, and UCL. *See* Cal. Bus. & Prof. Code §§ 17204, 17535; *Meyer v. Sprint Spectrum, LP*, 45 Cal. 5th 634, 641 (2009) ("[T]o bring a CLRA action, not only must a customer be exposed to an unlawful practice, but some kind of damage must result."); *Express, LLC v. Fetish Grp., Inc.*, 464 F. Supp. 2d 965, 979 (C.D. Cal. 2006) ("Damages or harm are an element of all three types of prohibited practices [in the UCL]."); *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *11 (N.D. Cal.

July 23, 2013). As set forth above in Section IV.A, the Complaint fails to allege that the plaintiff suffered any actual injury. For the same reasons, the plaintiff lacks statutory standing under the CLRA, FAL, and UCL, and dismissal also is warranted under Rule 12(b)(6).

### iv.      The plaintiff's legal remedy under the CLRA forecloses the claims for equitable restitution.

The addition of a CLRA damages claim to the Complaint requires the dismissal of the CLRA, FAL, UCL, and unjust enrichment claims for equitable restitution. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of restitution claims seeking "the same sum in equitable restitution as" was "requested in damages" under the CLRA). The Complaint contains no suggestion that the requested CLRA damages are an inadequate remedy. *See generally* Compl. To the contrary, the CLRA, UCL, FAL, and unjust enrichment claims all are based on the alleged payment of the same alleged "price premium." *See id.* ¶¶ 57-58, 70-71, 87-88, 93-94. Thus, they all fail to satisfy the "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies." *Sonner*, 971 F.3d at 844.

In *Sonner*, the Ninth Circuit confirmed that statutory claims for equitable relief should be dismissed on the pleadings where, as here: (1) "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy"; or (2) the plaintiff alleges legal claims for money damages that mirror any available equitable restitution. *Id.* Since the decision in *Sonner*, district courts have stricken UCL, FAL, and unjust enrichment claims (and portions of CLRA claims) for equitable restitution. *See e.g. Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (dismissing equitable claims under the UCL, FAL, CLRA, and unjust enrichment theories); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3-4 (N.D. Cal. Oct. 13, 2020) (dismissing UCL claim because monetary damages adequate to address overpayment theory); *Julian v. TTE Technology Inc.*, 2020 WL 6743912, at *5 (N.D. Cal. Nov. 17, 2020) ("The Court dismisses the § 17200, § 17500, CLRA, and unjust enrichment claims to the extent they seek equitable relief because Plaintiffs have not demonstrated the inadequacy of a legal remedy.").

*Sonner* applies here and requires the Court to strike the claims for equitable relief under the FAL and UCL, the unjust enrichment claim, and the claim for restitution under the CLRA.

v. **The plaintiff fails to plausibly allege unjust enrichment.**

For his unjust enrichment claim, the plaintiff alleges that it would be "against equity and good conscience to permit" Apple to retain the purchase price for Digital Content. Compl. ¶¶ 93-94. However, he does not allege that he lost any Digital Content or that he sought to return the content—unused—for a refund and was denied. The Complaint therefore fails to plausibly allege that Apple unjustly retained a "benefit at [his] expense." *Wallace v. Nationstar Mortg., LLC*, 2020 WL 7182085, at *7 (E.D. Cal. Dec. 7, 2020) (quoting *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014)). Dismissal is required where, as here, a Complaint does not allege "a failure to make restitution under [] circumstances where it is equitable to do so." *See Shin v. Washington Mut. Bank, FA*, 2018 WL 4491185, at *10 (N.D. Cal. Sept. 19, 2018) (dismissing unjust enrichment claim); *see also Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 n.5 (2008) (dismissing claim for restitution where the plaintiff failed to allege that he forewent other, cheaper options to buy defendant's product).

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant this motion; dismiss each of the claims in the Complaint, with prejudice; and grant such further and other relief as the Court deems reasonable and just.


Dated: December 16, 2020

**DLA PIPER LLP (US)**


By: /s/ *Isabelle L. Ord*
    ISABELLE L. ORD
    Attorneys for Defendant
    APPLE INC.