# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California Company,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-CV-01628-JAM-AC<br><br>**[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Courtroom:　　6<br>Judge:　　　　Hon. John A. Mendez |

On February 23, 2021, at 1:30 p.m., Defendant Apple Inc.'s ("Apple") Motion to Dismiss the Amended Class Action Complaint ("Amended Complaint") of Plaintiff David Andino individually and on behalf of all others similarly situated, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), came on regularly for hearing in Courtroom 6 of the above-referenced Court. Appearances of counsel are as noted in the Court's record.

Upon consideration of all the papers filed in connection therewith and the oral argument of counsel, the Court finds that the Plaintiff lacks standing under Article III, and the Amended Complaint fails to state any claims against Apple, requiring dismissal of the Amended Complaint with prejudice.

First, Plaintiff's sparse allegations and impermissible speculation do not establish any concrete or particularized actual or imminent harm. Plaintiff lacks Article III standing, requiring dismissal of the Amended Complaint. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013).

Second, Plaintiff lacks standing to pursue an injunction because there is no plausible risk of an imminent future harm that could be redressed by any injunction *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 968-69 (9th Cir. 2018).

Third, Plaintiff fails to allege any facts, let alone to plead with the specificity required under Federal Rule of Civil Procedure 9(b), to plead the Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), or Unfair Competition Law ("UCL") claims which are the basis of the alleged misrepresentations or omissions.

Fourth, the CLRA, FAL, and UCL claims fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) because they mischaracterize the "Buy" and "Purchased" language, viewing it in an unreasonable manner, thereby failing to satisfy the reasonable consumer standard. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).

Fifth, Plaintiff lacks statutory standing under the CLRA, FAL, and UCL because Plaintiff fails to allege any actual injury.

Sixth, Plaintiff's demand for damages under the CLRA asserts an adequate legal remedy, requiring dismissal of Plaintiff's equitable claims, including claims for restitution under the CLRA, FAL, and UCL, and Plaintiff's unjust enrichment claim. *See Sonner v. Premier Nutrition Corp.*, 971

F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of restitution claims seeking "the same sum in equitable restitution as" was "requested in damages" under the CLRA).

Seventh, Plaintiff fails to state a claim for unjust enrichment. *See Shin v. Washington Mut. Bank, FA*, 2018 WL 4491185, at *10 (N.D. Cal. Sept. 19, 2018) (dismissing unjust enrichment claim).

**IT IS HEREBY ORDERED:**

1. Apple's Motion to Dismiss the Amended Complaint is **GRANTED**. The above-captioned action is hereby dismissed in its entirety without leave to amend. The Clerk is directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: _____

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE