**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
Carlos F. Ramirez (Admitted *pro hac vice*)
*cramirez@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*Pro hac vice* to be submitted)
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ANDINO, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California company,<br><br>Defendant. | Case No. 2:20-cv-01628-JAM-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO DISMISS**<br><br>Judge: John A. Mendez |

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................ 1
II. STATEMENT OF FACTS ......................................................................................................... 2
   A. Defendant Misleads Consumers Into Believing That They Are Buying Digital Content ............... 2
   B. Defendant Cannot Defeat Plaintiff's Allegations of Deception with Unsubstantiated Factual Assertions Regarding Downloadability ............................................................................................ 3
   C. The Complaint Alleges that Plaintiff Was Injured by Defendant's Deceptive Conduct .................. 4
III. LEGAL STANDARDS .............................................................................................................. 5
   A. Standards for Dismissal Under Rule 12(b)(1) .................................................................................. 5
   B. Standards for Dismissal Under Rule 12(b)(6) .................................................................................. 5
IV. ARGUMENT .............................................................................................................................. 6
   A. Plaintiff Has Article III Standing and Statutory Standing to Pursue His Claims ............................ 6
      1. Plaintiff Alleged Actionable Past Injury ....................................................................................... 6
      2. Plaintiff Alleged Threat of Future Harm ...................................................................................... 8
   B. The Complaint Alleges Violations of the CLRA, FAL and UCL .................................................... 9
   C. The Complaint Pleads Defendant's Deceptive Conduct with Particularity ................................... 12
   D. Plaintiff Requests Injunctive Relief to Address Future Harms that Cannot Be Cured by Remedies at Law ................................................................................................................................ 13
   E. Plaintiff Requests Leave to Amend the Complaint in the Event of Dismissal .............................. 15
V. CONCLUSION .......................................................................................................................... 15

**TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................................................5, 6
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)....................................................................5, 6
*Bell v. Publix Super Markets, Inc.*, 982 F.3d. 468 (7th Cir. Dec. 7, 2020) .......................................11
*Brown v. Starbucks Corporation*, Case No.: 18cv2286 JM (WVG), 2019 WL 4183936 (S.D. Cal. Sept. 3, 2019)....................................................................................................................................7
*Cahen v. Toyota Motor Corp.* 717 F. App'x 720 (9th Cir. 2017) ........................................................7
*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013).........................................................................7
*Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 932 (9th Cir. 2008) .............5
*Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 294 (3d Cir. 2005) .......................................5
*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) ...................................................8
*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966 (9th Cir. 2018) .......................................6, 7
*Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) ...................................15
*Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)...............5
*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) ...................5
*Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006)....................................................................5
*Gross v. Vilore Foods Company, Inc.*, Case No.: 20cv0894 DMS (JLB), 2020 WL 6319131 (S.D. Cal. Oct. 28, 2020) ..........................................................................................................................14
*Hawkins v. Kroger Co.*, 906 F.3d 763, 769 (9th Cir. 2018) ..............................................................7
*In re Apple Processor Litig.*, Case No. 5:18-cv-00147-EJD, 2019 WL 3533876 (N.D. Cal. Aug. 2, 2019)..................................................................................................................................................7
*IntegrityMessageBoards.com v. Facebook, Inc.*, 18-cv-05286-PJH, 2020 WL 6544411 (N.D. Cal. Nov. 06, 2020) ..................................................................................................................................14
*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ...................................................13
*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ..............................................................................6
*Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)...................................................3
*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) .........................................................5
*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) .......................15
*Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1070, n. 5 (N.D. Cal. 2016) ..................................3
*Pizana v. SanMedica Int'l LLC*, No. 1:18-cv-00644-DAD-SKO, 2019 WL 4747947 (E.D. Cal. Sept. 30, 2019)..............................................................................................................................9, 13
*Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ......................................................6
*Roper v. Big Heart Pet Brands, Inc.*, -- F. Supp.3d --, No. 1:19-cv-00406-DAD-BAM, 2020 WL 7769819 (E.D. Cal. Dec. 30, 2020) ..................................................................................................8
*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)..................................................14
*Takano v. Procter & Gamble Company*, No. 2:17-cv-00385-TLN-AC, 2018 WL 5304817 (E.D. Cal. Oct. 24, 2018) ....................................................................................................................12, 13
*United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 689 n.14 (1973) ..................................................................................................................................5
*Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008) ...................................................11

**STATUTES**

Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ..............................................1, 9
False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq. .............................................1, 9
Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ..........................................1, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................................8
Fed. R. Civ. P. 15 ...............................................................................................................................17
Fed. R. Civ. P. Rule 9(b) ..............................................................................................................2, 13
Fed. R. of Civ. P. 12(b)(6)...................................................................................................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff David Andino ("Plaintiff"), respectfully submits the following in opposition to the motion filed by Defendant Apple Inc. ("Defendant" or "Apple") to dismiss Plaintiff's Amended Class Action Complaint ("Complaint" or "Comp."), Dkt 11. *See* Defendant's Notice of Motion and Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def. Mem."), Dkt 16.

**I.   INTRODUCTION**

Plaintiff brings claims for damages and injunctive relief[1] under California's consumer protection statutes: Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq. and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.  Plaintiff's central claim is that Defendant's use of commonly understood words like "Buy" and "Purchased," along with the price differential between the option to "Buy" or "Rent" at the point-of-sale, misled Plaintiff and members of the class into believing that when they clicked "Buy" they were paying to have ownership rights to movie, television show, music and other media content (collectively, "Digital Content") when in fact they could lose the "Purchased" Digital Content at any time and for any reason.  The Complaint's well-pled allegations make clear that Plaintiff was personally harmed when he paid consideration commensurate with the purchase of Digital Content even though Defendant never transferred Plaintiff the expected rights of ownership in said content.  In other words, Plaintiff alleges that he overpaid for Digital Content because of Defendant's unlawful conduct.

Plaintiff's injury is not hypothetical or based on some future event that did not happen as Defendant argues.  Def. Mem. at 1-2.  Plaintiff suffered an injury-in-fact at the very moment that Plaintiff overpaid for Digital Content he was improperly led to believe he had "Purchased" from Defendant.  Thus, Defendant's arguments that Plaintiff lacks Article III and statutory standing fall flat.

---

[1] As discussed below, Plaintiff withdraws his claim for unjust enrichment.

Defendant argues that an injunction is unnecessary because Plaintiff "has the unfettered power to download any content he may choose to buy in the future." Def. Mem. at 2. Defendant improperly asks this Court to accept a factual assertion in an article, attached to the Declaration of Isabelle Ord, for the truth of the matter, namely, that users can download purchased digital content in perpetuity. *Id.* However, this factual assertion, which cannot be considered here, is directly contradicted by Defendant's own Apple Media Services Terms and Conditions (the "Terms") that apply to the sale and rental of Digital Content. Defendant's Terms make clear that (i) there are limitations on a consumer's ability to download Digital Content and (ii) not all Digital Content is available for downloading.

Finally, as discussed below, the Complaint pled Defendant's fraudulent conduct with particularity. Accordingly, Defendant's Fed. R. Civ. P. Rule 9(b) argument also is without merit.

For the above reasons, Defendant's motion to dismiss should be denied in its entirety.

## II.  STATEMENT OF FACTS

### A.  Defendant Misleads Consumers Into Believing That They Are Buying Digital Content

As alleged in the Complaint, Defendant offers Digital Content to consumers through its "iTunes" online store, which can be accessed through Defendant's app or "Apple TV" device. Comp. ¶¶ 1-2. The manner in which Defendant offers consumers the option to "Buy" or Rent" Digital Content led, and continue to lead, reasonable consumers to believe that, when they choose to "Buy," they have purchased Digital Content for indefinite use. Comp. ¶¶ 3-11. Once bought, said content instantly becomes available in the consumer's Digital Content library without the consumer needing to accept any terms and conditions pursuant to a clickwrap agreement. The Digital Content is then stored in a folder titled "Purchased." Comp. ¶ 12-13.

The purchase price charged by Defendant for Digital Content, in comparison to the lesser rental price, further convinces consumers that they are purchasing and obtaining full ownership rights to said content. Comp. ¶ 3-4. By way of just one example, the price to "Rent" the movie

SONIC THE HEDGEHOG that Defendant was selling at the time of the filing of the Complaint is $5.99, whereas the price to "Buy" is $19.99, commensurate with the price charged for the same video on DVD format by a brick-and-mortar store, which Defendant would have to concede is not subject to repossession.  Comp. ¶¶ 3-5.  And although Plaintiff is not required to prove intent to make out his claims, Defendant's motivation to use words like "Buy" and "Purchased" can be readily discerned: Defendant would have to charge consumers considerably less money if it called the transaction something more appropriate like a "license" or "lease."  These tactics have undoubtedly allowed Defendant to make millions of dollars in improper profits.

### B. Defendant Cannot Defeat Plaintiff's Allegations of Deception with Unsubstantiated Factual Assertions Regarding Downloadability

Relying on an article to make a factual assertion, Defendant attempts to argue that its use of the words "Buy" and "Purchased" was not misleading because consumers could protect their Digital Content from loss by downloading it.  Def. Mem. at 2, 7.  However, much like Defendant's purported "sale" of Digital Content, a consumer's ability to download Digital Content from Defendant's platform for storage elsewhere is illusory, as demonstrated by Defendant's own Terms that govern all rentals and sales by Defendant of Digital Content.  *See* Exhibit 1 to the Declaration of Carlos F. Ramirez In Support of Plaintiff's Opposition to Defendant Apple's Motion to Dismiss ("Ramirez Decl.").[2]

At the outset, the Terms make clear that not all Digital Content may be downloaded.  For example, below the title "Downloads," the Terms state that a consumer, "may be ***limited in the amount of Content [she] may download***, and some downloaded Content may expire after a given

---

[2] In deciding whether to grant a motion to dismiss, the Court may consider only the pleadings and materials such as Defendant's Terms, which are subject to judicial notice because they are readily verifiable and not subject to dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  In contrast, "factual challenges to a plaintiff's complaint," like Defendant's contentions regarding downloadability, "have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Id.* at 688.  It is important to note that the Complaint references certain *Forbes* articles to establish what has been known by Defendant for years. *See Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1070, n. 5 (N.D. Cal. 2016) ("The Court 'may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'") (citation omitted).

amount of time after downloaded or first played. ***Certain Content may not be available for download at all***." Ramirez Decl. ¶ 4. (emphasis added). Clearly, Digital Content that cannot be downloaded and stored outside of the iTunes platform cannot be deemed to have been "Purchased." In fact, Defendant would agree as much. Def. Mem. at 13 (tying the value of purchased Digital Content, and a consumer's ability to claim ownership of it, to the ability to download said content).

Second, the Terms also restrict consumers to downloading Digital Content onto Apple compatible hardware and software only. Ramirez Decl. ¶ 5. Because the size of video digital content files is so large (wherein the average high-definition movie can require a minimum of four gigabytes of storage space), consumers seeking to protect this content would probably need more than one Apple-compatible device and hundreds of gigabytes of storage space to house the average movies/shows collection. Thus, for most consumers, the cost of protecting their Digital Content would be prohibitively expensive and effectively non-existent. In fact, the most reasonable and cost-effective way to store large movie/show files for future access is by burning that digital content onto a disc. However, Defendant specifically prohibits consumers from using this method to protect video content. Specifically, below the title "Audio and Video Content Sales and Rentals," the Terms provide: "You may burn an audio playlist of purchased music to disc for listening purposes up to seven times; this limitation does not apply to DRM-free Content. ***Other Content may not be burned to disc.***" Ramirez Decl. ¶ 6. (emphasis added).

Simply put, Defendant cannot counter Plaintiff's allegations with the unsupported and unsupportable factual assertion that Plaintiff "has the unfettered power to download any content he may choose to buy in the future." Def. Mem. at 2.

### C. The Complaint Alleges that Plaintiff Was Injured by Defendant's Deceptive Conduct

Defendant's argument that the Complaint alleges only one fact about Plaintiff, his residence, is incorrect. Def. Mem. at 4. Indeed, the Complaint alleges that Plaintiff: (i) purchased Digital Content from Defendant (Comp. ¶¶ 50, 66, 84); (ii) believed that Defendant's use of the words "Buy" and "Purchased" meant that he owned the Digital Content he purchased

from Defendant (*id*. ¶¶ 53, 66, 85); (iii) believed that he would have access to view (or listen to) the purchased Digital Content indefinitely *(id.* ¶ 55, 68, 85); (iv) would not have purchased the Digital Content but for Defendant's misleading representations that the transaction was a sale versus some type of license (*id.* ¶¶ 25, 56, 69, 86); (v) overpaid for Digital Content because he was under the false impression created by Defendant that it was "Purchased" (*id*. ¶¶ 57, 70, 87); and (vi) was harmed by overpaying for Digital Content "purchased" from Defendant.  *Id*. ¶¶ 58, 71, 88.  As discussed below, these allegations state legal claims under California's consumer protection laws.

### III.     LEGAL STANDARDS

#### A.     Standards for Dismissal Under Rule 12(b)(1)

The standard for establishing Article III standing is easily met.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  A plaintiff merely must show that he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (citing *Friends of the Earth*, 528 U.S. at 180-81).  Notably, "[i]njury-in-fact is not Mount Everest." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 294 (3d Cir. 2005).  To the contrary, it suffices to allege some specific, "'identifiable trifle'" of injury.  *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 932 (9th Cir. 2008) (quoting *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 689 n.14 (1973) (internal citations omitted)).

#### B.     Standards for Dismissal Under Rule 12(b)(6)

On a Fed. R. of Civ. P. 12(b)(6) motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a

5

complaint's factual allegations." *Bell Atl. Corp.*, 550 U.S. at 556.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663.  The Court "must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (citation omitted).

## IV.   ARGUMENT

### A.   Plaintiff Has Article III Standing and Statutory Standing to Pursue His Claims

#### 1.   Plaintiff Alleged Actionable Past Injury

"To establish standing to bring a claim under [the FAL, CLRA, and UCL], plaintiffs must meet an economic injury-in-fact requirement, which demands no more than the corresponding requirement under Article III of the U.S. Constitution." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015).  "To properly plead an economic injury, a consumer must allege that she was exposed to false information about the product purchased, which caused the product to be sold at a higher price, and that she would not have purchased the goods in question absent this misrepresentation."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966 (9th Cir. 2018) (quotation marks omitted).

Plaintiff alleges just that.  The Complaint alleges that Defendant misled Plaintiff into believing that he was "buying" Digital Content, even though he could lose access to said content at any time and for any reason.  *Id*. ¶¶ 16-17.  The Complaint also alleges that Plaintiff suffered an economic injury because the value of the Digital Content he "purchased" was materially less than the value represented by Defendant.  *Id*. ¶¶ 19, 24.  Finally, the Complaint alleges that Plaintiff and the Class members would not have purchased the Digital Content or would have paid substantially less for it, but for the misleading representations and/or omissions by Defendant.  *Id*. ¶ 25.  Plaintiff thus easily meets the requisite injury-in-fact, and Defendant's motion on constitutional and statutory standing grounds must be denied.

In the face of allegations of economic injury, Defendant tries to mischaracterize Plaintiff's injury as "speculative future harm" that "he may lose access to purchased content in the future based on a 2018 *Forbes* Article." Def. Mem. at 1.  Plaintiff's injury is concrete and particularized to him, occurring when he paid for his Digital Content, thus sufficient for standing under binding Ninth Circuit law.  *See Davidson*, 889 F.3d at 966 ("Because Davidson only needed to allege an economic injury to state a claim for relief, and because Davidson alleges that she paid a premium price for the [product at issue], Davidson has properly alleged that she was injured by Kimberly-Clark's allegedly false advertising."); *Hawkins v. Kroger Co.*, 906 F.3d 763, 769 (9th Cir. 2018) ("Because Hawkins adequately alleged that she relied on the label's misrepresentations and would not have purchased the product without those misrepresentations, she has adequately alleged standing for her labeling claim."); *Brown v. Starbucks Corporation*, Case No.: 18cv2286 JM (WVG), 2019 WL 4183936, at *4 (S.D. Cal. Sept. 3, 2019) (standing was established by plaintiff who suffered an economic injury through payment of a price premium due to defendant's misleading statements).

Moreover, Defendant's reliance on cases such as *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013), *Cahen v. Toyota Motor Corp.* 717 F. App'x 720 (9th Cir. 2017), and *In re Apple Processor Litig.*, Case No. 5:18-cv-00147-EJD , 2019 WL 3533876 (N.D. Cal. Aug. 2, 2019), is misplaced.  In *Clapper*, the plaintiffs complained about a potential invasion of privacy that never happened, and they did not allege an economic injury as Plaintiff does here.  *Clapper*, 568 U.S. at 401 (seeking only declaratory and injunctive relief).  *Cahen* and *In re Apple Processor Litig.* also are distinguishable because in those cases the plaintiffs alleged diminution in value, not a price premium as Plaintiff does here.  In *Cahen*, the plaintiffs alleged that their vehicle was worth less than they paid because of a risk of hacking.  717 F. App'x at 723-24.  In *Apple*, the plaintiffs alleged that their iPhones lost value because the devices were vulnerable to security breaches even though Apple provided software updates to address the vulnerabilities.  2019 WL 3533876, at *6-7.  In this case, Plaintiff is not alleging that his Digital Content lost some difficult-to-quantify value at some point after he purchased it because of some undisclosed risk.  He alleges more simply that Defendant misrepresented what he was buying.  Thus, Plaintiff's injury here is

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
Case No. 2:20-cv-01628-JAM-AC

concrete, measurable, and occurred at the Digital Content point-of-sale due to Defendant's deceptive use of the words "Buy" and "Purchased" and the differences in price between "Buy" and "Rent." Comp. ¶¶ 3-14; 22-25. Because the Complaint has adequately pled that Plaintiff overpaid for Digital Content based on Defendant's deceptive conduct, Plaintiff has standing to bring claims under the CLRA, FAL and UCL.

### 2. Plaintiff Alleged Threat of Future Harm

Defendant also argues that Plaintiff lacks standing to seek injunctive relief because there is "no plausible risk of an imminent future harm that could be addressed by an injunction." Def. Mem. at 9. Defendant contends that Plaintiff's standing is somehow negated if he continues to buy Digital Content despite knowing that it could disappear. Def. Mem. at 9. However, it is well-settled that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase[.]" *Davidson*, 889 F.3d at 969.

Here, Plaintiff's threat of future harm is not conjectural or hypothetical because, in accordance with *Davidson*, Plaintiff alleges he will continue to buy Digital Content but cannot rely upon Defendant's advertising or labeling with the terms "Buy" and "Purchased" to know whether the Digital Content will be available indefinitely or not. Comp. ¶¶ 59, 72, 90. Thus, Plaintiff's allegations fall squarely within the holding of *Davidson*, 889 F.3d at 970 ("the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future . . . [or] that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved)." *See also Roper v. Big Heart Pet Brands, Inc.*, -- F. Supp.3d --, No. 1:19-cv-00406-DAD-BAM, 2020 WL 7769819, at *7 (E.D. Cal. Dec. 30, 2020) ("An actionable cognizable injury exists where a plaintiff alleges that they cannot rely on defendant's labeling when deciding whether to purchase products in the future."; finding

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
Case No. 2:20-cv-01628-JAM-AC

standing to seek injunctive relief); *Pizana v. SanMedica Int'l LLC*, No. 1:18-cv-00644-DAD-SKO, 2019 WL 4747947, at *11 (E.D. Cal. Sept. 30, 2019) (concluding that allegations that the plaintiff would buy the product again so long as it functions as advertised are sufficient under the *Davidson* standard).

### B. The Complaint Alleges Violations of the CLRA, FAL and UCL

As alleged in the Complaint, Defendant misleads consumers by misrepresenting it is selling them Digital Content when, in fact, consumers never get the rights of ownership that they would typically obtain in a bona fide sale of personal property. Comp. ¶ 17. And even though Defendant can easily change the words "Buy" and "Purchased" to something that more accurately describes what it is delivering to consumers, such as "License" or "Lease" for example, Defendant refuses to do so because it would have to charge consumers considerably less money for Digital Content than what it presently charges.

Defendant makes two main arguments about how Plaintiff has failed to establish any claims under California's consumer protection laws. First, Defendant argues that in alleging deceptive conduct, Plaintiff has mischaracterized the terms "Buy" and "Purchased" and views them "in an unreasonable manner." Def. Mem. at 11. Imploring this Court to "not close its eyes to everyday truths," Defendant suggests that the commonly-understood meanings of the words "Buy" and "Purchased" are different in the iTunes environment from the meaning attributed them by consumers in all other contexts. *Id*. at 12. Second, Defendant argues that it did not mislead consumers when it used the words "Buy" and "Purchased" because consumers had the right to download their Digital Content. *Id*. at 7. This argument also lacks any merit because consumers' ability to download Digital Content is very limited and, thereby, interferes with the expected rights of ownership in personal property.

Defendant's first argument, that Plaintiff attributed unreasonable meanings to the words "Buy" and "Purchased" used by Apple can be rejected out of hand. In fact, the definitions Plaintiff attributed to those words are the definitions that are globally accepted by English-speaking peoples throughout the world. Defendant tellingly provides no alternative interpretation or explanation of these terms in the "context of the iTunes Store," Def. Mem. at 12, to explain why or how reasonable consumers would understand the terms "Buy" and "Purchased," as opposed to "Rent," any differently than as alleged, *i.e.*, "that the consumer has paid for full access to the Digital Content and, like any other purchased product, that access cannot be revoked." Comp. ¶ 15.

In attempting to change the universally accepted definitions of the words "Buy" and "Purchased" to avoid liability, Defendant implores this Court to not "close its eyes to everyday truths . . . ." Def. Mem. at 12 (quotations and citations omitted). Defendant also argues that "common sense" would dictate that purchasers of digital content for value do not expect to actually own the content. Def. Mem. at 2. Defendant's arguments are nothing short of remarkable and wholly improper under well-established, controlling law. Defendant asks this Court to find that, as a matter of law, common words like "Buy" and "Purchased" have different meanings when used by Apple on the iTunes platform than they have when otherwise used in commerce, *i.e.*, it would be unreasonable for consumers to believe that when they are "Buying" content from Defendant, which is then stored in a folder titled "Purchased," that they acquired an ownership interest in said content. Furthermore, Defendant improperly asks this Court to ignore Plaintiff's allegations, which this Court must accept as true, and instead substitute its own understanding of the experience of consumers of Digital Content. *See* Def. Mem. at 2 (the Complaint "fails to consider common sense and the everyday experience of buying digital content").

Although not binding on this Court, a recent decision by the Seventh Circuit Court of Appeals addresses the problem with Defendant's position. In *Bell v. Publix Super Markets, Inc.*, 982 F.3d. 468 (7th Cir. Dec. 7, 2020), the Seventh Circuit, relying on precedent from the Ninth Circuit – *Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008) – held that the district court committed reversable error in doing just what Defendant advocates: "Consumer-protection laws do not impose on average consumers an objection to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." *Bell*, 982 F.3d. at 476. In line with the Ninth Circuit, the Seventh Circuit held:

> These questions [regarding the reasonable consumer] may not be answered as a matter of law simply because lawyers can construe an ambiguous claim in a way that would not be deceptive. Plaintiffs are entitled to present evidence on how consumers actually understand these labels.

*Id*. at 480. Accordingly, Defendant's motion to dismiss should be denied and Plaintiff should be allowed to present evidence to a jury about how Plaintiff understood Defendant's labels and pricing of Digital Content using the words "Buy" and "Purchased," as opposed to "Rent." This certainly is not the "rare situation" in which dismissal as a matter of law is appropriate. *Williams*, 552 F.3d at 938.

Moreover, Defendant's disapproval over Plaintiff's use of an "inapt" analogy of the iTunes online store to a brick-and-mortar store (Def. Mem. at 12) is ironic because Defendant leverages consumer expectations derived from decades of traditional brick-and-mortar purchase transactions to charge Apple consumers prices typical of the prices charged by brick-and-mortar stores for similar "Purchased" content. Thus, the Complaint alleges that Defendant deceived consumers into believing that Defendant delivers permanent ownership of Digital Content by misleadingly using words like "Buy" and a "Purchased" when what Defendant is really delivering is more akin to a license or lease.

Defendant's second main argument fares no better. Defendant argues that the words "Buy" and "Purchased" did not mislead consumers because consumers could download their

Digital Content to protect it from loss. However, as discussed above, the Court cannot consider Defendant's factual assertion on its motion to dismiss, especially where Defendant's own judicially noticeable Terms contradict its argument that Plaintiff has "unfettered power to download any content." Def. Mem. at 2. *See* Ramirez Decl. ¶ 4 (restricting downloads).

### C.    The Complaint Pleads Defendant's Deceptive Conduct with Particularity

Defendant argues that "the Complaint's bare-bones allegations are devoid of the specificity required under Rule 9(b) to plead the CLRA, FAL, or UCL claims . . . ." Def. Mem. at 10. This is not true. "In a deceptive advertising case, Rule 9(b) requires that the plaintiff or plaintiffs identify specific advertisements and promotional materials; allege when the plaintiff or plaintiffs were exposed to the materials; and explain how such materials were false or misleading." *Takano v. Procter & Gamble Company*, No. 2:17-cv-00385-TLN-AC, 2018 WL 5304817, at *8 (E.D. Cal. Oct. 24, 2018) (internal quotation and citation omitted). Here, Plaintiff provides a description and representative images of Defendant's "Buy" and "Purchased" labeling and sales tactics that Plaintiff contends are misleading. Compl. ¶¶ 2-14. Plaintiff identifies when and where he was exposed to the misleading statements. *Id*. ¶¶ 2, 32, 54. Plaintiff then provides a detailed explanation of why the Products are misleading, how Defendant's marketing contributed to Plaintiffs' decisions to purchase Defendant's Digital Content, and why Defendant engaged in its misrepresentations to increase Defendant's profits at the expense of consumers. *Id*. ¶¶ 15-23. Defendant's false and deceptive representations were material because Plaintiff alleges he would not have purchased the property, or what have paid less for it, if he knew that he was not being delivered the ownership rights enjoyed by purchasers of personal property for adequate consideration. *Id*. ¶¶ 24-25.

"Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the

charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and edits omitted). Here, the Complaint adequately put Defendant on notice of Plaintiff's theory of liability, namely, that Defendant falsely and deceptively represented that Plaintiff could "Buy" ***any and all*** Digital Content, which upon the content was stored in a "Purchased" folder, even though Defendant did not convey to Plaintiff the traditional ownership rights enjoyed by purchasers of personal property with respect to ***any*** Digital Content. Thus, Plaintiff's allegations, taken as a whole, meet the pleading standards of Rule 9(b). *See Pizana*, 2019 WL 4747947, at *9 ("Although it is true that plaintiff does not specifically allege in his FAC that he failed to personally experience an increase in HGH levels after taking the Product . . . [t]he FAC adequately puts defendant on notice that plaintiff is proceeding in this action under a theory that defendant's Product categorically cannot increase HGH levels as advertised . . . ."); *Takano*, 2018 WL 5304817, at *8 (burden to plead with particularity satisfied where plaintiffs allege they paid a price premium due to defendant's alleged misrepresentations).[3]

### D. Plaintiff Requests Injunctive Relief to Address Future Harms that Cannot Be Cured by Remedies at Law

Defendant argues that Plaintiff "lacks standing to pursue an injunction because there is no plausible risk of an imminent future harm that could be redressed by an injunction." Def. Mem. at 9. This argument is supported neither by the facts nor the applicable case law and, accordingly, should be rejected.

---

[3] Defendant's argument that the Complaint improperly lumps all content under the "umbrella term 'Digital Content'" (Def. Mem. at 2) is a red herring. Whether "shows" and "music" content do not provide a "Rent" option is irrelevant and do not take away from the fact that Defendant's use of the words "Buy" and "Purchased" in connection with its sale of ***all*** Digital Content is nonetheless deceptive. Simply put, Defendant does not credibly explain how the alleged "pleading omission matters to Apple's defense." *Id.* at 11.

Defendant simply has no answer for Plaintiff's request for injunctive relief to address future harms and not for past monetary damages. *See*, *e.g.*, Comp. at ¶ 58 ("If the Court does not restrain Defendant from engaging in these practices in the future, Plaintiff and the Class members will be harmed in that they will continue to believe they are purchasing Digital Content for viewing and/or listening indefinitely, when in fact, the Digital Content can be made unavailable at any time."). *See also* Comp. at ¶¶ 69; 86. In light of Plaintiff's allegations of future harm, Defendant's reliance on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), is misplaced. Courts in this Circuit have made clear that *Sonner* does not bar consumer fraud claims that seek injunctive relief for future harms.[4] *See, e.g., Roper*, 2020 WL 7769819, at *9 ("The court concludes that plaintiff may pursue her equitable claims for injunctive relief to the extent they are premised on alleged future harm."); *IntegrityMessageBoards.com v. Facebook, Inc.*, 18-cv-05286-PJH, 2020 WL 6544411, at *8 (N.D. Cal. Nov. 06, 2020) (concluding "that plaintiff may pursue its equitable claims for injunctive and declaratory relief to the extent it premises them on future harm"); *Gross v. Vilore Foods Company, Inc.*, Case No.: 20cv0894 (DMS) (JLB), 2020 WL 6319131, at *3 (S.D. Cal. Oct. 28, 2020) (refusing to dismiss CLRA, FAL and UCL claims for injunctive relief).

Defendant also claims that Plaintiff "can readily prevent the speculative injury of which he complains by downloading the Digital Content." Def. Mem. at 10. Again, this is an improper factual assertion that is refuted by Defendant's own Terms.

Accordingly, the Court should deny Defendant's motion seeking dismissal of Plaintiff's consumer protection law claims on the grounds that he has failed to allege a basis for injunctive relief. Plaintiff clearly requests injunctive relief to address prospective injury from Defendant's continuing unfair, unlawful, and/or fraudulent conduct.

---

[4] However, based on *Sonner* and subsequent district court cases, Plaintiff withdraws his unjust enrichment claim.

**E.     Plaintiff Requests Leave to Amend the Complaint in the Event of Dismissal**

Should the Court grant Defendant's motion to dismiss any portion of the Complaint, Plaintiff respectfully requests that the Court grant him leave to file an amended complaint. This amendment will only be made to cure any deficiencies identified by the Court, would not be done in bad faith or for dilatory motive, and would not cause any undue prejudice to Defendant. Accordingly, leave to amend should be freely granted. Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

**V.     CONCLUSION**

For the reasons stated above, Defendant's motion should be denied in its entirety.

Dated:  February 9, 2021                    Respectfully submitted,

                                             **REESE LLP**

                                             By: _____
                                             Carlos F. Ramirez (Admitted *pro hac vice*)

                                             *Counsel for Plaintiff and the Proposed Class*

15
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
Case No. 2:20-cv-01628-JAM-AC