1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID ANDINO, individually        No.  2:20-cv-01628-JAM-AC
     and on behalf of all others
12   similarly situated,

13                Plaintiff,           **ORDER GRANTING IN PART AND
                                       DENYING IN PART DEFENDANT'S
14        v.                           MOTION TO DISMISS**

15   APPLE, INC., a California
     Company,
16
                  Defendant.
17

18        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

19        Apple Inc. ("Defendant") is one of the world's largest

20   computer and phone manufacturers and retailers.  First Am. Compl.

21   ("FAC") ¶ 1, ECF No. 11.  Apple's iTunes application allows

22   consumers to "Rent" or "Buy" movies, television shows, music and

23   other content.  Id. ¶¶ 1, 2.  If the consumer desires to "Rent" a

24   movie, Apple advertises that for a fee of around $5.99, the

25   consumer will have access to the movie for 30 days and then for

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for February 23, 2021.

                                      1

48 hours after the consumer first starts to watch it.  Id. ¶ 3.
For a higher fee of around $19.99, Apple offers consumers the
option to "Buy" the content.  Id. ¶ 4.  When a consumer opts to
"Buy" the content, it then appears in their "Purchased" folder.
Id. ¶ 13.

David Andino ("Plaintiff") argues this labeling is deceptive
as the use of a "Buy" button and representation that content has
been "Purchased" leads consumers to believe their access cannot
be revoked.  Id. ¶ 15.  Plaintiff alleges this is untrue as Apple
reserves the right to terminate the consumers' access and use of
content at any time, and in fact, has done so on numerous
occasions.  Id. ¶ 16.  Plaintiff claims he would not have
purchased the content or would not have paid as much, if he had
known that his access and use could be terminated at any time.
Id. ¶ 25.  Accordingly, Plaintiff filed a class action complaint
on behalf of himself and those similarly situated, for violations
of (1) California's Consumers Legal Remedies Act ("CLRA");
(2) California's False Advertising Law ("FAL"); and
(3) California's Unfair Competition Law ("UCL").  ECF No. 1. After
the complaint was amended to add a fourth claim for Unjust
Enrichment, ECF No. 11 ("FAC"), Apple brought this Motion to
Dismiss.  Def.'s Mot. to Dismiss ("Mot."), ECF No. 16.  Plaintiff
opposed the Motion.  Opp'n, ECF No. 19.  Apple replied.  Reply,
ECF No. 20.  For the reasons set forth below, the Court GRANTS in
part and DENIES in part Apple's Motion to Dismiss.

II.   OPINION

A.   Legal Standard

A defendant may move to dismiss for lack of subject matter

2

1  jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of
2  Civil Procedure.  Fed. R. Civ. P. 12(b)(1).  If the plaintiff
3  lacks standing under Article III of the United States
4  Constitution then the court lacks subject-matter jurisdiction,
5  and the case must be dismissed.  See Maya v. Centex Corp., 658
6  F.3d 1060, 1067 (9th Cir. 2011).  Once a party has moved to
7  dismiss for lack of subject-matter jurisdiction under Rule
8  12(b)(1), the opposing party bears the burden of establishing
9  the court's jurisdiction.  See Kokkonen v. Guardian Life Ins.
10 Co., 511 U.S. 375, 377 (1994).

11     A Rule 12(b)(6) motion challenges the complaint as not
12 alleging sufficient facts to state a claim for relief.  Fed. R.
13 Civ. P. 12(b)(6).  "To survive a motion to dismiss [under
14 12(b)(6)], a complaint must contain sufficient factual matter,
15 accepted as true, to state a claim for relief that is plausible
16 on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
17 (internal quotation marks and citation omitted).  While
18 "detailed factual allegations" are unnecessary, the complaint
19 must allege more than "[t]hreadbare recitals of the elements of
20 a cause of action, supported by mere conclusory statements."
21 Id.  "In sum, for a complaint to survive a motion to dismiss,
22 the non-conclusory 'factual content,' and reasonable inferences
23 from that content, must be plausibly suggestive of a claim
24 entitling the plaintiff to relief."  Moss v. U.S. Secret Serv.,
25 572 F.3d 962, 969 (9th Cir. 2009).

26     B.   Article III Standing

27     Article III of the Constitution limits the jurisdiction of
28 federal courts to actual "Cases" and "Controversies."  U.S.

3

1    Const. art. III, § 2.  "One element of the case-or-controversy

2    requirement is that plaintiffs must establish that they have

3    standing to sue."  Clapper v. Amnesty Int'l USA, 568 U.S. 398,

4    408 (2013) (internal quotation marks and citation omitted).  To

5    establish standing "a plaintiff must show (1) [they have]

6    suffered an injury in fact that is (a) concrete and

7    particularized and (b) actual or imminent, not conjectural or

8    hypothetical; (2) the injury is fairly traceable to the

9    challenged action of the defendant and (3) it is likely, as

10   opposed to merely speculative, that the injury will be redressed

11   by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw

12   Envtl. Serv. Inc., 528 U.S. 167, 180-81 (2000).

13        The parties dispute whether Plaintiff has alleged an injury

14   in fact.  Apple argues that Plaintiff's alleged injury — which

15   it describes as the possibility that the purchased content may

16   one day disappear — is not concrete but rather speculative.

17   Mot. at 6-9.  This, however, as Plaintiff points out,

18   misconstrues the injury.  Plaintiff responds that his injury is

19   not that he may one day lose access to his content.  Opp'n at 7.

20   Rather the injury Plaintiff asserts, is that he spent money

21   purchasing the content that he wouldn't have otherwise as a

22   result of Apple's misrepresentation.  Id.  This occurred at the

23   time of purchase.

24        To establish standing, Plaintiff need only allege an

25   economic injury in fact.  See Reid v. Johnson & Johnson, 780

26   F.3d 952, 958 (9th Cir. 2015)(explaining that California's

27   standing requirements for the UCL, FAL, and CLRA only require

28   "an economic injury-in-fact, which demands no more than the

                                    4

1   corresponding requirement under Article III of the

2   Constitution.")  "In a false advertising case, plaintiffs meet

3   this requirement if they show that, by relying on a

4   misrepresentation on a product label, they 'paid more for a

5   product than they otherwise would have paid, or bought it when

6   they otherwise would not have done so.'"  Id. (quoting Hinojos

7   v. Kohl's Corp., 718 F.3d 1098, 1104 n. 3, 1108 (9th Cir. 2013))

8   (also citing POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102,

9   108 (2014) for the proposition that "[a] consumer who is

10  hoodwinked into purchasing a disappointing product may well have

11  an injury-in-fact cognizable under Article III").

12      In Reid, the Ninth Circuit found that plaintiff had

13  undoubtedly satisfied this requirement "as he alleged that he

14  would not have been willing to pay as much as he did for

15  Benecol, if anything, if he had not been misled by McNeil's

16  misrepresentations about Benecol's health effects."  780 F.3d at

17  958.  Similarly, Plaintiff alleges here that he would not have

18  been willing to pay as much for the content, if anything, if he

19  had not been misled by Apple's misrepresentations about his

20  ability to indefinitely access that content.  See FAC ¶¶ 23-25,

21  55-58, 68-71.  Thus, the injury Plaintiff alleges is not, as

22  Apple contends, that he may someday lose access to his purchased

23  content.  Rather, the injury is that at the time of purchase, he

24  paid either too much for the product or spent money he would not

25  have but for the misrepresentation.  This economic injury is

26  concrete and actual, not speculative as Apple contends,

27  satisfying the injury in fact requirement of Article III.  See

28  Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015).

For the same reasons, the Court finds Plaintiff has also met the statutory standing requirements for the UCL, FAL, and CLRA.  Id. (explaining that California's standing requirements for the UCL, FAL, and CLRA only require "an economic injury-in-fact, which demands no more than the corresponding requirement under Article III of the Constitution.")

Further, in Davidson v. Kimberly-Clark Corporation, the Ninth Circuit held that "[a] consumer's inability to rely on a representation made on a package, even if the consumer knows or believes the same representation was false in the past, is an ongoing injury" sufficient to confer standing to seek injunctive relief.  889 F.3d 956, 961 (9th Cir. 2018).  In so holding the Ninth Circuit rejected the argument that "plaintiffs who are already aware of the deceptive nature of an advertisement are not likely to be misled into buying the relevant product in the future and therefore, are not capable of being harmed again in the same way."  Id. at 968 (internal quotation marks and citation omitted).  The Court noted "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future."  Id. at 969.  "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.  In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the

1 | product was improved." Id. at 969–70.

2 | Apple argues that Plaintiff has not alleged a valid future
3 | threatened injury under Davidson as he neither alleges "he
4 | stopped buying Digital Content, nor does he allege any changes
5 | to the iTunes Store that 'reasonably' cause him to 'assume' that
6 | the Digital Content has 'improved.'" Def.'s Mot. at 10.  But
7 | the Court does not read Davidson so narrowly.  Rather, it seems
8 | clear from Davidson that a plaintiff's allegation that they will
9 | not be able to rely on a product's advertising or labeling is
10 | sufficient to demonstrate a future threatened injury, conferring
11 | standing to seek injunctive relief.  See Davidson, 889 F.3d at
12 | 971-72 ("Davidson faces the similar injury of being unable to
13 | rely on Kimberly-Clark's representations of its product in
14 | deciding whether or not she should purchase the product in the
15 | future.")

16 | Here, Plaintiff has alleged just that.  Plaintiff claims he
17 | will not be able to rely on Apple's purchase option to know
18 | whether the content will be available indefinitely or not.  FAC
19 | ¶¶ 59, 72, 90; see also Opp'n at 8.  This is a threatened injury
20 | that is certainly impending, establishing Article III standing
21 | to assert a claim for injunctive relief.  See Davidson, 889 F.3d
22 | at 972.

23 | Because Plaintiff has alleged an economic injury and a
24 | threatened future injury, the Court finds Plaintiff has
25 | demonstrated standing sufficient to overcome this motion to
26 | dismiss.  Accordingly, Apple's 12(b)(1) Motion to Dismiss for
27 | lack of standing and 12(b)(6) Motion to Dismiss for lack of
28 | statutory standing are DENIED.

1      C.   Rule 9(b)

2          Rule 9(b) provides that: "[i]n alleging fraud or mistake, a

3    party must state with particularity the circumstances

4    constituting fraud or mistake.  Malice, intent, knowledge, and

5    other conditions of a person's mind may be alleged generally."

6    Fed. R. Civ. P. 9(b).  Claims alleging violations of the FAL,

7    CLRA, and UCL that are based on fraudulent conduct must satisfy

8    Rule 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125

9    (9th Cir. 2009).  This requires that the plaintiff plead the

10   "who, what, when, where, why, and how, of the conduct charged."

11   Id. at 1126.  "[I]n a deceptive advertising case, Rule 9(b)

12   requires that the plaintiff or plaintiffs identify specific

13   advertisements and promotional materials; allege when the

14   plaintiff or plaintiffs were exposed to the materials; and

15   explain how such materials were false or misleading." Janney v.

16   Mills, 944 F.Supp.2d 806, 815 (N.D. Cal. 2013).

17         Here, Plaintiff has identified specific promotional

18   materials.  Specifically, he alleges that consumers are given

19   the option to "Buy" digital content in a variety of ways via a

20   smart phone, computer or tablet, through the iTunes app or on

21   Apple TV.  FAC ¶ 2.  Plaintiff then includes a representative

22   sample of this option on the iTunes Store, including a picture

23   of the options for "Sonic The Hedgehog"; "Westworld, Season 3";

24   and "Bridges Live: Madison Square Garden".  See id. at 2-3.

25   Plaintiff has also explained how such materials are false or

26   misleading as he notes that reasonable consumers expect "buying"

27   the content means access cannot be revoked.  Id. ¶ 15.  However,

28   he explains how this is untrue as Apple reserves the right

8

terminate the consumers' access and use at any time.  Id. ¶¶ 16, 17.  And while Apple contends Plaintiff has not alleged he bought a movie or acted on the "Buy" representation, he has. See id. ¶ 25 ("Had Plaintiff and Class members known the truth, they would not have bought the Digital Content from Defendant or would have paid substantially less for it.") (emphasis added); see also id. ¶ 53 ("Defendant has violated the CLRA by representing that the Digital Content it sold to Plaintiff and the Class had been 'purchased'") (emphasis added); id. ¶ 58 ("Plaintiff and the Class members paid for Digital Content they thought they were purchasing") (emphasis added).

Thus, the only remaining question is whether Plaintiff has sufficiently pled the "when."  While Plaintiff does not specify exactly when he or the other class members were exposed to these representations, the class consists of those who purchased content from August 13, 2016 through class certification and trial.  Id. ¶ 32.  The Court finds this allegation is sufficient.  See In Re ConAgra Foods Inc., 908 F.Supp.2d 1090, 1100 (C.D. Cal. 2012) (finding Rule 9(b) was satisfied where plaintiffs alleged that the representation appeared on product labeling throughout the class period); see also United States v. United Healthcare Insurance Company, 848 F.3d 1161, 1180 (9th Cir. 2016) ("a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud" to comply with Rule(9)(b))(internal quotation marks and citation omitted). Plaintiff need not plead the exact date(s) he made his purchases to provide Apple with adequate notice to defend the charges as

1    this is a class action and Apple will have to defend the
2    representations made throughout the class period anyway.  See
3    Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009)
4    (noting one of the purposes of Rule 9(b) is to provide
5    defendants with adequate notice to allow them to defend the
6    charge); see also Bly-Magee v. California, 236 F.3d 2014, 2019
7    (9th Cir. 2001) ("To comply with Rule 9(b), allegations of fraud
8    must be specific enough to give defendants notice of the
9    particular misconduct which is alleged to constitute the fraud
10   charged so that they can defend against the charge and not just
11   deny that they have done anything wrong.") (internal quotation
12   marks and citation omitted).  Plaintiff has pled his claims with
13   enough specificity to satisfy Rule 9(b).

14        D.   Reasonable Consumer

15        California's UCL prohibits "any unlawful, unfair or
16   fraudulent business act or practice and unfair, deceptive,
17   untrue or misleading advertising."  Cal. Bus. & Prof. Code
18   § 17200.  California's FAL prohibits any "untrue or misleading"
19   advertising.  Id. § 17500.  And California's CLRA prohibits
20   "unfair methods of competition and unfair or deceptive acts or
21   practices."  Cal. Civ. Code § 1770(a).  Under the UCL, FAL, and
22   CLRA, conduct is deceptive or misleading if it is likely to
23   deceive a "reasonable consumer."  Williams v. Gerber Products
24   Co., 552 F.3d 934, 938 (9th Cir. 2008).  "Under the reasonable
25   consumer standard, [plaintiffs] must show that members of the
26   public are likely to be deceived."  Id. (internal quotation
27   marks and citations omitted).  The threshold for this
28   "reasonable consumer" standard is higher than a "mere

possibility" that the label "might conceivably be misunderstood by some few consumers viewing it in an unreasonably manner." Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003).  Instead, the reasonable consumer standard necessitates a likelihood "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  Id.  California courts "have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer."  Williams, 552 F.3d at 938.  Only in rare situations is granting a motion to dismiss on this basis appropriate.  Id. at 939.

Apple argues that Plaintiff has failed to state a claim because he mischaracterizes the "Buy" and "Purchased" language and views it in an unreasonable manner.  Mot. at 11.  Apple contends that "[n]o reasonable consumer would believe" that purchased content would remain on the iTunes platform indefinitely.  Id. at 12.  But in common usage, the term "buy" means to acquire possession over something.  Buy Definition, merriam-webster.com, https://www.merriam-webster.com/dictionary/buy (13 April 2021).  It seems plausible, at least at the motion to dismiss stage, that reasonable consumers would expect their access couldn't be revoked.  See Williams, 552 F.3d at 939 (noting that only in a rare situation will granting a motion to dismiss based on whether a business practice is deceptive be appropriate).  Apple also argues that because a user can download purchased content for full and irrevocable access, the "Buy" and "Purchased" language is

1  accurate.  But the Court cannot consider such factual

2  contentions at the motion to dismiss stage.  See Lee v. City of

3  Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (explaining

4  "factual challenges to a plaintiff's complaint have no bearing

5  on the legal sufficiency of the allegations under Rule

6  12(b)(6).")

7        E.   Equitable Restitution Claims

8        Lastly, Apple contends that under Sonner v. Premier

9  Nutrition Corp, 971 F.3d 834 (9th Cir. 2020), Plaintiff's claims

10  for equitable restitution under the CLRA, FAL, UCL, and unjust

11  enrichment must be dismissed as Plaintiff has failed to

12  establish the requested CLRA damages are inadequate.  Def.'s

13  Mot. at 14.  Plaintiff appears to concede this point and in fact

14  explicitly withdraws his unjust enrichment claim based on this

15  precedent.  See Opp'n at 14 n 4; Opp'n at 14 (arguing that

16  Sonner does not prevent Plaintiff's injunctive relief but saying

17  nothing about his claims for equitable restitution).

18        In Sonner, the plaintiff brought suit under California's

19  UCL and CLRA.  971 F.3d at 838.  Shortly before trial the

20  plaintiff amended her complaint to seek only restitution and

21  equitable relief.  Id.  The Ninth Circuit held that a plaintiff

22  "must establish that she lacks an adequate remedy at law before

23  securing equitable restitution for past harm under the UCL and

24  CLRA."  Id. at 844.  Because plaintiff had failed to establish

25  she lacked an adequate remedy at law, the Court found dismissal

26  of the equitable restitution claims was warranted.  Id.

27        Here Plaintiff has not even attempted to explain why or how

28  the requested CLRA damages are an inadequate remedy justifying

1    restitution damages.  See Opp'n at 14; see generally FAC.

2    Accordingly, the Court GRANTS Defendant's motion to dismiss

3    Plaintiff's claims for equitable restitution under the UCL, FAL,

4    and CLRA.  See e.g. Resnick v. Hyundai Motor Am., Inc., CV 16-

5    00593-BRO (P JWx), 2017 WL 1531192 at *22 (C.D. Cal. Apr. 13,

6    2017) ("Failure to oppose and argument raised in a motion to

7    dismiss constitutes waiver of that argument.")  The Court also

8    GRANTS Defendant's motion to dismiss Plaintiff's unjust

9    enrichment claim.

10        The Court however agrees with Plaintiff that Sonner does

11   not warrant dismissal of his request for injunctive relief.

12   Money damages are an inadequate remedy for future harm, as they

13   will not prevent Defendant from continuing the allegedly

14   deceptive practice.  See Zeiger v. WETPET LLC, No. 3:17-CV-

15   04056-WHO, 2021 WL 756109, at *21 (N.D. Cal. Feb. 26, 2021)

16   (noting that even assuming Sonner applies to injunctive relief

17   the plaintiff had shown monetary damages were an inadequate

18   remedy because damages compensate for past purchases where an

19   injunction ensures that one can rely on a defendant's

20   representations in the future); FAC ¶ 58 ("If the Court does not

21   restrain Defendant from engaging in these practices in the

22   future, Plaintiff and the Class members will be harmed in that

23   they will continue to believe they are purchasing Digital

24   Content for viewing and/or listening indefinitely, when in fact,

25   the Digital Content can be made unavailable at any time.")

26                        III.   ORDER

27        For the reasons set forth above, the Court GRANTS in part

28   and DENIES in part Defendant's Motion to Dismiss.  Defendant's

Motion to Dismiss Plaintiff's unjust enrichment claim is GRANTED

WITH PREJUDICE.  Defendant's Motion to Dismiss Plaintiff's

equitable claims for restitution under the UCL, FAL, and CLRA is

also GRANTED WITH PREJUDICE.  The remainder of Defendant's Motion

to Dismiss is DENIED. Defendant's Answer to the FAC is due twenty

(20) days from the date of this Order.

        IT IS SO ORDERED.

Dated: April 19, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE