ISABELLE L. ORD
isabelle.ord@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

RAJ N. SHAH (*pro hac vice*)
raj.shah@dlapiper.com
ERIC M. ROBERTS (*pro hac vice*)
eric.roberts@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated, | CASE NO. 2:20-CV-01628-JAM-AC |
| Plaintiff, | **DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| APPLE INC., a California Company, | |
| Defendant. | |

1    Defendant Apple Inc. ("Apple") states the following answers and affirmative defenses. By

2    omitting headings, footnotes, and images found in Plaintiff's complaint, Apple does not admit—and

3    specifically denies—the accuracy, completeness, and applicability of any factual content conveyed

4    by such matters.

5    1.    Apple Inc. ("Defendant") is one of the world's largest computer and phone

6    manufacturers and retailers, and includes among its myriad services the option for consumers to

7    "Rent" or "Buy" movies, television shows, music and other media (the "Digital Content") for a fee.

8    **ANSWER TO PARAGRAPH 1:** The allegations in this paragraph are vague and ambiguous by

9    virtue of their use of the phrases "world's largest," "myriad services," and "Digital Content." Apple

10   admits that Apple manufactures computers and phones and sells them at retail. Apple denies the

11   remaining allegations in this paragraph.

12   2.    Consumers can "Buy" or "Rent," and subsequently access their Digital Content, in a

13   variety of ways via a smart phone, computer or tablet, and by using certain of Defendant's "iTunes"

14   applications or "apps," which are the platforms where consumers and Defendant interact.

15   Consumers can also access their Digital Content by using a palm-sized, plastic black box

16   manufactured by Defendant called Apple TV. When connected to a television set, it can be used to

17   "Buy" or "Rent," and subsequently access, among other things, the Digital Content.

18   **ANSWER TO PARAGRAPH 2:** Apple admits that a user with an Apple ID (hereinafter an "Apple

19   ID User") can access the iTunes services using the iTunes, TV, and Music apps and iPhones, iPads,

20   Mac computers, the Apple TV, and other devices. Apple denies the remaining allegations in this

21   paragraph.

22   3.    In the event that a consumer desires to "Rent" a movie ("Movie Content"), Defendant

23   advertises that, for a fee of around $5.99, the consumer will have access to the Movie Content for

24   30 days and then for 48 hours after the consumer first starts to watch the Movie Content.

25   **ANSWER TO PARAGRAPH 3:** Apple admits that an Apple ID User may be able to use the

26   iTunes services to rent a movie for a specified period of 30 days or 48 hours after starting to watch

27   it, whichever is sooner. Apple denies the remaining allegations in this paragraph.

28   4.    For a much higher fee of around $19.99, Defendant offers the option to "Buy" the

1  Movie Content.

2  **ANSWER TO PARAGRAPH 4:** Apple admits that an Apple ID User may be able to use the

3  iTunes services to buy a movie. Apple denies the remaining allegations in this paragraph.

4       5.    Below is a representative example of the options available to a consumer on

5  Defendant's "iTunes Store" app at the digital point-of-sale of Movie Content:

6  **ANSWER TO PARAGRAPH 5:** Apple admits that the image included with paragraph 5 appears

7  to be a screenshot from a portion of one possible user interface for the iTunes services. Apple denies

8  that the screenshot is a complete and accurate depiction of the information available to consumers,

9  denies that it is a representative example, and denies the remaining allegations in this paragraph.

10       6.    In the event that a consumer desires to "Buy" a television show ("Show Content"),

11  Defendant will sell it for a fee of around $3.99 per episode.

12  **ANSWER TO PARAGRAPH 6:** Apple admits that an Apple ID User may be able to use the

13  iTunes services to buy a television show. Apple denies the remaining allegations in this paragraph.

14       7.    For a much higher fee of around $29.99, Defendant offers the option to "Buy" an

15  entire season of Show Content.

16  **ANSWER TO PARAGRAPH 7:** Apple admits that an Apple ID User may be able to use the

17  iTunes services to buy a season of a television series. Apple denies the remaining allegations in this

18  paragraph.

19       8.    Below is a representative example of the options available to a consumer on

20  Defendant's "iTunes" app at the digital point-of-sale of Show Content:

21  **ANSWER TO PARAGRAPH 8:** Apple admits that the image included with paragraph 8 appears

22  to be a screenshot from a portion of one possible user interface for the iTunes services. Apple denies

23  that the screenshot is a complete and accurate depiction of the information available to consumers,

24  denies that it is a representative example, and denies the remaining allegations in this paragraph.

25       9.    In the event that a consumer desires to "Buy" a music song ("Music Content"),

26  Defendant will sell it for a fee of around $1.29 per song.

27  **ANSWER TO PARAGRAPH 9:** Apple admits that an Apple ID User may be able to use the

28  iTunes services to buy a song. Apple denies the remaining allegations in this paragraph.

1    10.    If a song is part of an album of Music Content, Defendant offers the option to "Buy"

2  the album for a fee of around $11.99.

3  **ANSWER TO PARAGRAPH 10:** Apple admits that an Apple ID User may be able to use the

4  iTunes services to buy a music album. Apple denies the remaining allegations in this paragraph.

5    11.    Below is a representative example of the options available to a consumer on

6  Defendant's "iTunes" app at the digital point-of-sale of Music Content:

7  **ANSWER TO PARAGRAPH 11:** Apple admits that the image included with paragraph 11 appears

8  to be a screenshot from a portion of one possible user interface for the iTunes services. Apple denies

9  that the screenshot is a complete and accurate depiction of the information available to consumers,

10  denies that it is a representative example, and denies the remaining allegations in this paragraph.

11    12.    When a consumer chooses the option to "Buy" on the page of the Digital Content by

12  clicking on the "Buy" button, the Digital Content instantly becomes available in the consumer's

13  Digital Content library without the consumer needing to accept any terms and conditions pursuant

14  to a clickwrap agreement.

15  **ANSWER TO PARAGRAPH 12:** Apple admits that a movie, television show, or song becomes

16  available in the Apple ID User's library when the Apple ID User buys that movie, television show,

17  or song on the iTunes services. Apple denies the remaining allegations in this paragraph.

18    13.    Regardless of which device is used to access Digital Content, or which "iTunes" app

19  is used to buy or rent the Digital Content, the app provides a tab or folder labeled "Purchased."

20  Clicking on the word "Purchased," takes the consumer to the Digital Content it owns. Below are

21  several examples:

22  **ANSWER TO PARAGRAPH 13:** Apple admits that the iTunes, TV, and Music apps each include

23  a function to display a user's purchased content. Apple further admits that the images included with

24  paragraph 13 appear to be screenshots from an Apple TV, an Apple computer, and an Apple mobile

25  device showing purchased content. Apple denies that the screenshots are a complete and accurate

26  depiction of the information available to consumers, denies that they are representative examples,

27  and denies the remaining allegations in this paragraph.

28    14.    "Purchased" folders that store consumers' Show Content and Music Content also

3

1  exist on Defendant's various "iTunes" apps.

2  **ANSWER TO PARAGRAPH 14:** Apple admits that the iTunes, TV, and Music apps each include

3  a function to display a user's purchased content. Apple denies any remaining allegations in this

4  paragraph.

5         15.     Reasonable consumers will expect that the use of a "Buy" button and the

6  representation that their Digital Content has been "Purchased" means that the consumer has paid for

7  full access to the Digital Content and, like any other purchased product, that access cannot be

8  revoked. In other words, just like Best Buy cannot come into a person's home to repossess the movie

9  DVD that such person purchased from it, Defendant should not be able to remove, or permit the

10  removal by others of, Digital Content from its customers' Purchased folders.

11  **ANSWER TO PARAGRAPH 15:** Apple denies the allegations in this paragraph.

12         16.     Unfortunately for consumers who chose the "Buy" option, this is deceptive and

13  untrue. Rather, the ugly truth is that Defendant secretly reserves the right to terminate the

14  consumers' access and use of the Digital Content at any time, and has done so on numerous

15  occasions, leaving the consumer without the ability to enjoy their already-bought Digital Content.

16  **ANSWER TO PARAGRAPH 16:** Apple denies the allegations in this paragraph.

17         17.     Defendant's representations are misleading because they give the impression that the

18  Digital Content is purchased – *i.e.* the person owns it – when in fact that is not true because

19  Defendant or others may revoke access to the Digital Content at any time and for any reason.

20  **ANSWER TO PARAGRAPH 17:** Apple denies the allegations in this paragraph.

21         18.     In so representing the "Purchase" of Digital Content as true ownership of the content,

22  Defendant took advantage of the (1) cognitive shortcuts made at the point-of-sale, *e.g.* Rent versus

23  Buy and (2) price of the Digital Content, which is akin to an outright purchase versus a rental.

24  **ANSWER TO PARAGRAPH 18:** Apple denies the allegations in this paragraph.

25         19.     Though some consumers may get lucky and never lose access to any of their paid-

26  for media, others may one day find that their Digital Content is now gone forever. Regardless, all

27  consumers have overpaid for the Digital Content because they are not in fact owners of the Digital

28  Content as represented by Defendant, despite having paid the amount of compensation necessary to

4

1 | "Buy" the product.

2 | **ANSWER TO PARAGRAPH 19:** Apple admits that most users never lose access to any of their

3 | paid-for content. Apple denies the remaining allegations in this paragraph.

4 |     20.    Defendant's representations that consumers are truly purchasing their Digital

5 | Content are designed to – and do – deceive, mislead and defraud consumers. The following quote

6 | from a Forbes article explains the disappearing Digital Content issue with respect to Defendant's

7 | sale of Movie and Show Content: A woman from Illinois contacted me to say that she has lost

8 | multiple iTunes TV show and movie purchases over time, with varying outcomes when she's taken

9 | each case up with Apple. Timeless Season 1 disappeared, but was reinstated after sufficient

10 | 'nagging'. A selection of movie purchases/code redeems were also lost: Hercules (2014), How To

11 | Train Your Dragon, Gone Girl, The Intern, If I Stay, The Final Girls, Romancing The Stone and

12 | Birdman. All were eventually restored, but only after 'a week of calls and live chats' with Apple.

13 | Or two weeks in Hercules case. John Archer, *Apple Responds To Disappearing iTunes Movie*

14 | *Purchases Issue,* FORBES (Sep. 17, 2018).

15 | **ANSWER TO PARAGRAPH 20:** Apple admits that this paragraph quotes or paraphrases from a

16 | third-party article, refers to the text of the third-party article in its entirety, and denies any attempt

17 | to paraphrase or characterize the third-party article's complete text and all allegations inconsistent

18 | therewith. Apple denies the remaining allegations in this paragraph.

19 |     21.    The above complaint is not new news for Defendant. Indeed, Defendant has been

20 | aware for years now that consumers are routinely misled by the manner in which it "sells" Digital

21 | Content. In a different Forbes article about this issue, Apple admits to being on notice about the

22 | problem: Reports have started to emerge of Apple completely deleting films from iTunes accounts

23 | even when they've been bought, not merely rented. And when people complain about this, they're

24 | receiving an astonishing message from Apple telling them that iTunes is just a "store front," and so

25 | Apple isn't to blame if a film studio decides it no longer wants to make its titles available on iTunes.

26 | John Archer, *Apple Is Deleting Bought Films From iTunes Accounts - And Don't Expect A Refund,*

27 | FORBES (Sept. 13, 2018).

28 |

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

**ANSWER TO PARAGRAPH 21:** Apple admits that this paragraph quotes or paraphrases from a third-party article, refers to the text of the third-party article in its entirety, and denies any attempt to paraphrase or characterize the third-party article's complete text and all allegations inconsistent therewith. Apple denies the remaining allegations in this paragraph.

22.     Defendant has sold more Digital Content, and at substantially higher prices per unit than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

**ANSWER TO PARAGRAPH 22:** Apple denies the allegations in this paragraph.

23.     The consumer's belief that they truly own the Digital Content has a material bearing on price or consumer acceptance of Defendant's digital content delivery services because consumers are willing to pay substantially more for Digital Content that they believe they can access at any time and for an indefinite period.

**ANSWER TO PARAGRAPH 23:** Apple denies the allegations in this paragraph.

24.     The value of the Digital Content that Plaintiff and the Class members purchased and consumed was materially less than its value as represented by Defendant.

**ANSWER TO PARAGRAPH 24:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

25.     Had Plaintiff and Class members known the truth, they would not have bought the Digital Content from Defendant or would have paid substantially less for it. As a result of the false and misleading representations, the Digital Content is sold at premium price, compared to other similar Digital Content and services represented in a non-misleading way.

**ANSWER TO PARAGRAPH 25:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

26.     Plaintiff David Andino is a citizen of Sacramento, California in Sacramento County.

**ANSWER TO PARAGRAPH 26:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

27.     Defendant Apple Inc. is a California corporation with a principal place of business in Cupertino, California in Santa Clara County and is a citizen of California.

6

**ANSWER TO PARAGRAPH 27:** Apple admits that it is a California corporation with a principal place of business in Cupertino, California in Santa Clara County. The remaining allegations in this paragraph consist of legal conclusions to which no answer is required.

28. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

**ANSWER TO PARAGRAPH 28:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies that this action may be maintained individually or on behalf of any class and denies the remaining allegations in this paragraph.

29. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]"

**ANSWER TO PARAGRAPH 29:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies that this action may be maintained individually or on behalf of any class and denies the remaining allegations in this paragraph.

30. Venue is proper because Plaintiff and many Class members reside in this District and Defendant does business in this District and State.

**ANSWER TO PARAGRAPH 30:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple does not contest the venue of this action. Apple denies that this action may be maintained individually or on behalf of any class and denies the remaining allegations in this paragraph.

31. This Court has personal jurisdiction over Defendant because it is a California corporation with its principal place of business in California, and it conducts and transacts business, and contracts to supply and supplies goods, within California.

**ANSWER TO PARAGRAPH 31:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple does not contest personal jurisdiction. Apple denies the remaining allegations in this paragraph.

32.    The class consists of all persons nationwide who purchased Digital Content from Defendant from August 13, 2016 and through class certification and trial (the "Class").

**ANSWER TO PARAGRAPH 32:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

33.    Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; and, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**ANSWER TO PARAGRAPH 33:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

34.    Common questions of law or fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and other Class members are entitled to damages.

**ANSWER TO PARAGRAPH 34:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

35.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions by Defendant.

**ANSWER TO PARAGRAPH 35:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

36.    Plaintiff is an adequate representative because his interests do not conflict with other

8

Class members.

**ANSWER TO PARAGRAPH 36:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

37.    No individual inquiry is necessary since the focus is only on Defendant's practices and the Class is definable and ascertainable.

**ANSWER TO PARAGRAPH 37:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

38.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

**ANSWER TO PARAGRAPH 38:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

39.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect Plaintiff's and the other Class members' interests.

**ANSWER TO PARAGRAPH 39:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

40.    Plaintiff seeks class-wide injunctive relief because the practices continue.

**ANSWER TO PARAGRAPH 40:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies any allegations in this paragraph and states that this action cannot be maintained individually or on behalf of any class.

9

## FIRST CLAIM
### Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*
### On Behalf of the Class

41.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

**ANSWER TO PARAGRAPH 41:** Apple repeats each and every answer contained in the paragraphs above and incorporates such answers by reference herein.

42.    Plaintiff brings this claim individually and on behalf of the Class for violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA").

**ANSWER TO PARAGRAPH 42:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

43.    Under the CLRA, "services" means "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b).

**ANSWER TO PARAGRAPH 43:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

44.    The component of Defendant's iTunes app that enables online playing of "Purchased" Digital Content is a "service" under the CLRA.

**ANSWER TO PARAGRAPH 44:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

45.    Under the CLRA, "consumer" means "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." *Id.* § 1761(d).

**ANSWER TO PARAGRAPH 45:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

46. Plaintiff and the Class members are "consumers" under the CLRA.

**ANSWER TO PARAGRAPH 46:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

47. Under the CLRA, "person" means "an individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 1761(c).

**ANSWER TO PARAGRAPH 47:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

48. Defendant is a "person" under the CLRA.

**ANSWER TO PARAGRAPH 48:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

49. Under the CLRA, "transaction" means "an agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." *Id.* § 1761(e).

**ANSWER TO PARAGRAPH 49:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

50. Defendant, on the one hand, and Plaintiff and the Class members, on the other hand, engaged in "transactions" under the CLRA because, among other reasons, Defendant agreed to sell, and pursuant to that agreement sold, Digital Content to Plaintiff and the Class members.

**ANSWER TO PARAGRAPH 50:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

51. Defendant's actions, representations, omissions, and conduct have violated the

11

1    CLRA because they extend to transactions that are intended to result, or that have resulted, in the

2    sale of goods and services to consumers.

3    **ANSWER TO PARAGRAPH 51:** Apple denies the allegations in this paragraph.

4    52.    Under California Civil Code section 1770(a): (a) The following unfair methods of

5    competition and unfair or deceptive acts or practices undertaken by any person in a transaction

6    intended to result or which results in the sale or lease of goods or services to any consumer are

7    unlawful: * * * * * (5) Representing that goods or services have . . . characteristics, . . . uses, [or]

8    benefits . . . which they do not have. * * * * * (7) Representing that goods or services are of a

9    particular standard, quality, or grade . . . . * * * * * (9) Advertising goods or services with intent not

10    to sell them as advertised. * * * * * (14) Representing that a transaction confers or involves rights,

11    remedies, or obligations that it does not have or involve . . . . *Id.* § 1770(a).

12    **ANSWER TO PARAGRAPH 52:** The allegations in this paragraph consist of legal conclusions

13    to which no answer is required. To the extent an answer is deemed necessary, Apple denies the

14    allegations in this paragraph.

15    53.    As detailed above, Defendant has violated the CLRA by representing that the Digital

16    Content it sold to Plaintiff and the Class had been "Purchased" and, as such, that it would be

17    available for viewing and/or listening online indefinitely, when in fact Defendant knew that the

18    Digital Content could become unavailable for viewing due to content provider licensing restrictions

19    or other reasons.

20    **ANSWER TO PARAGRAPH 53:** Apple denies the allegations in this paragraph. Apple states that

21    this action cannot be maintained individually or on behalf of any class.

22    54.    Defendant violated the CLRA by making the representations and omissions it made

23    at the Digital Content point-of-sale detailed above when it knew, or should have known, that its

24    representations and omissions were false and misleading.

25    **ANSWER TO PARAGRAPH 54:** Apple denies the allegations in this paragraph.

26    55.    Plaintiff and the Class members believed Defendant's representations that the Digital

27    Content would available to them online indefinitely.

28

12

1  **ANSWER TO PARAGRAPH 55:** Apple denies the allegations in this paragraph. Apple states that

2  this action cannot be maintained individually or on behalf of any class.

3       56.     Plaintiff and the Class members would not have purchased the Digital Content, but

4  for the misleading representations and/or omissions by Defendant detailed above.

5  **ANSWER TO PARAGRAPH 56:** Apple denies the allegations in this paragraph. Apple states that

6  this action cannot be maintained individually or on behalf of any class.

7       57.     The Digital Content Plaintiff and the Class members received was worth less than

8  the Digital Content for which they paid. Plaintiff and the Class members paid a premium price on

9  account of Defendant's misrepresentations and/or omissions detailed herein.

10  **ANSWER TO PARAGRAPH 57:** Apple denies the allegations in this paragraph. Apple states that

11  this action cannot be maintained individually or on behalf of any class.

12       58.     Plaintiff and the Class members were injured in fact and lost money as a result of

13  Defendant's representations and/or omissions about the Digital Content detailed above. Plaintiff and

14  the Class members paid for Digital Content they thought they were purchasing and, as such, would

15  be available for viewing indefinitely, when in fact Defendant knew that the Digital Content could

16  become unavailable for viewing due to content provider licensing restrictions or other reasons.

17  **ANSWER TO PARAGRAPH 58:** Apple denies the allegations in this paragraph. Apple states that

18  this action cannot be maintained individually or on behalf of any class.

19       59.     Plaintiff, on behalf of the Class members, requests that the Court enjoin Defendant

20  from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to

21  California Civil Code section 1780(a)(2). If the Court does not restrain Defendant from engaging in

22  these practices in the future, Plaintiff and the Class members will be harmed in that they will

23  continue to believe they are purchasing Digital Content for viewing and/or listening indefinitely,

24  when in fact, the Digital Content can be made unavailable at any time.

25  **ANSWER TO PARAGRAPH 59:** Apple denies the allegations in this paragraph. Apple states that

26  this action cannot be maintained individually or on behalf of any class.

27       60.     Pursuant to California Civil Code § 1780(a)(1), (a)(3), (a)(4) and (a)(5), Plaintiff

28  seeks on behalf of herself and the Class members actual damages, restitution, punitive damages,

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

attorneys' fees and costs of litigation, and any other relief the court deems proper.

**ANSWER TO PARAGRAPH 60:** The Court struck all claims for restitution by order dated April 2, 2021. ECF No. 22. Apple denies that Plaintiff is entitled to any recovery set forth herein. Apple states that this action cannot be maintained individually or on behalf of any class.

61.    Pursuant to California Civil Code § 1780(b)(1), Plaintiff seeks on behalf of all Class members who are senior citizens or disabled as defined in California Civil Code § 1761(f) and (g), an additional award of up to $5,000 for physical, emotional or economic damage.

**ANSWER TO PARAGRAPH 61:** Apple denies that Plaintiff is entitled to any recovery set forth herein. Apple states that this action cannot be maintained individually or on behalf of any class. Apple denies any remaining allegations in this paragraph.

62.    Therefore, Plaintiff prays for all the relief he is entitled to under the CLRA and for injunctive relief consistent with the relief that the California Supreme Court discussed in *McGill v. Citibank, N.A.,* 393 P.3d 85 (Cal. 2017).

**ANSWER TO PARAGRAPH 62:** The Court struck all claims for restitution by order dated April 2, 2021. ECF No. 22. Apple denies that Plaintiff is entitled to any recovery set forth herein. Apple states that this action cannot be maintained individually or on behalf of any class. Apple denies any remaining allegations in this paragraph.

**SECOND CLAIM**
**Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.***
**On Behalf of the Class**

63.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

**ANSWER TO PARAGRAPH 63:** Apple repeats each and every answer contained in the paragraphs above and incorporates such answers by reference herein.

64.    Plaintiff brings this claim individually and on behalf of the Class for violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (the "FAL").

**ANSWER TO PARAGRAPH 64:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the

14

allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

65.      At all relevant times, Defendant has engaged in advertising and marketing representing that the Digital Content may be purchased by consumers for viewing and/or listening online indefinitely.

**ANSWER TO PARAGRAPH 65:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

66.      Defendant engaged in its advertising and marketing with intent to directly induce consumers, including Plaintiff and the Class members, to purchase the Digital Content based on Defendant's false and misleading representations and omissions.

**ANSWER TO PARAGRAPH 66:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

67.      In making and disseminating the representations and omissions detailed herein, Defendant knew or should have known that the representations and omissions were untrue or misleading.

**ANSWER TO PARAGRAPH 67:** Apple denies the allegations in this paragraph.

68.      Plaintiff and the Class members believed Defendant's representations that the they had purchased the Digital Content and, accordingly, the Digital Content would be available for viewing and/or listening indefinitely.

**ANSWER TO PARAGRAPH 68:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

69.      Plaintiff and the Class members would not have purchased the Digital Content, but for the misleading representations and/or omissions by Defendant detailed above.

**ANSWER TO PARAGRAPH 69:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

70.      The Digital Content Plaintiff and the Class members purchased was worth less than the Digital Content for which they paid. Plaintiff and the Class members paid a premium price on

15

1    account of Defendant's misrepresentations and/or omissions detailed herein.

2    **ANSWER TO PARAGRAPH 70:** Apple denies the allegations in this paragraph. Apple states that

3    this action cannot be maintained individually or on behalf of any class.

4        71.      Plaintiff and the Class members were injured in fact and lost money as a result of

5    Defendant's representations and/or omissions about the Digital Content detailed above. Plaintiff and

6    the Class members paid for Digital Content that could be viewed online indefinitely but did not

7    receive such a product because the Digital Content may become unavailable due to potential content

8    provider licensing restrictions or for other reasons.

9    **ANSWER TO PARAGRAPH 71:** Apple denies the allegations in this paragraph. Apple states that

10    this action cannot be maintained individually or on behalf of any class.

11        72.      Plaintiff, on behalf of the Class members, requests that the Court enjoin Defendant

12    from engaging in the false and misleading advertising and marketing set forth herein. If the Court

13    does not restrain Defendant from engaging in such conduct, Plaintiff and the Class members will be

14    harmed in that they will continue to purchase Digital Content they believe will be available

15    indefinitely, when in fact, the Digital Content can be made unavailable at any time.

16    **ANSWER TO PARAGRAPH 72:** Apple denies that Plaintiff is entitled to any recovery set forth

17    herein. Apple states that this action cannot be maintained individually or on behalf of any class.

18    Apple denies any remaining allegations in this paragraph.

19        73.      Therefore, Plaintiff prays that the Court order Defendant to pay restitution of all

20    money Defendant has received from Plaintiff and the Class and for injunctive relief consistent with

21    the relief that the California Supreme Court discussed in *McGill v. Citibank, N.A.,* 393 P.3d 85 (Cal.

22    2017).

23    **ANSWER TO PARAGRAPH 73:** The Court struck all claims for restitution by order dated April

24    2, 2021. ECF No. 22. Apple denies that Plaintiff is entitled to any recovery set forth herein. Apple

25    states that this action cannot be maintained individually or on behalf of any class. Apple denies any

26    remaining allegations in this paragraph.

27

28

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

**THIRD CLAIM**
**Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***
**Unlawful, Unfair, and Fraudulent Prongs**
**On Behalf of the Class**

74.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

**ANSWER TO PARAGRAPH 74:** Apple repeats each and every answer contained in the paragraphs above and incorporates such answers by reference herein.

75.     Plaintiff brings this claim individually and on behalf of the Class for violation of the unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL").

**ANSWER TO PARAGRAPH 75:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

76.     The circumstances giving rise to Plaintiff's and the Class members' allegations include Defendant's corporate policies regarding the sale and marketing of Digital Content for purchase.

**ANSWER TO PARAGRAPH 76:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

77.     Under the UCL, "unfair competition" means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the FAL. Cal. Bus. & Prof. Code § 17200.

**ANSWER TO PARAGRAPH 77:** The allegations in this paragraph consist of legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Apple denies the allegations in this paragraph.

78.     By engaging in the acts and practices described herein, Defendant has committed one

17

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

or more acts of "unfair competition" as the UCL defines the term.

**ANSWER TO PARAGRAPH 78:** Apple denies the allegations in this paragraph.

79.    Defendant has committed "unlawful" business acts or practices by violating the CLRA and the FAL, as detailed above.

**ANSWER TO PARAGRAPH 79:** Apple denies the allegations in this paragraph.

80.    Defendant has committed "unfair" business acts or practices by, among other things: a. engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the members of the Class; b. engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and c. engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws that this Class Action Complaint invokes.

**ANSWER TO PARAGRAPH 80:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

81.    Defendant has committed unlawful, unfair, and/or fraudulent business acts or practices by, among other things, engaging in conduct Defendant knew or should have known was likely to and did deceive reasonable consumers, including Plaintiff and the Class members.

**ANSWER TO PARAGRAPH 81:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

82.    As detailed above, Defendant's unlawful, unfair, and/or fraudulent practices include making false and misleading representations and/or omissions.

**ANSWER TO PARAGRAPH 82:** Apple denies the allegations in this paragraph.

83.    As detailed above, Defendant has made material representations that the Digital Content purchased by Plaintiff and the Class members would be available for viewing and/or listening online indefinitely.

**ANSWER TO PARAGRAPH 83:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

84.    Defendant made the representations and omissions with intent to directly induce consumers, including Plaintiff and the Class members, to purchase the Digital Content based on the

18

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

false and misleading representations and omissions.

**ANSWER TO PARAGRAPH 84:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

85.     Plaintiff and the Class members believed Defendant's representations that the Digital Content would be available for viewing and/or listening online indefinitely.

**ANSWER TO PARAGRAPH 85:** Apple denies the allegations in this paragraph.

86.     Plaintiff and the Class members would not have purchased the Products, but for the misleading representations and/or omissions by Defendant detailed above.

**ANSWER TO PARAGRAPH 86:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

87.     The Digital Content Plaintiff and the Class members received were worth less than the Digital Content for which they paid. Plaintiff and the Class members paid a premium price on account of Defendant's misrepresentations and/or omissions detailed herein.

**ANSWER TO PARAGRAPH 87:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

88.     Plaintiff and the Class members were injured in fact and lost money as a result of Defendant's violations of the unlawful, unfair, and/or fraudulent prongs of the UCL that are set out above. Plaintiff and the Class members paid for Digital Content that they believed would be available for viewing and/or listening online, but did not receive such a product because the Digital Content may become unavailable due to potential content provider licensing restrictions or for other reasons.

**ANSWER TO PARAGRAPH 88:** Apple denies the allegations in this paragraph. Apple states that this action cannot be maintained individually or on behalf of any class.

89.     Therefore, Plaintiff requests that the Court order Defendant to restore the money Defendant has received from Plaintiff and the Class and for injunctive relief consistent with the relief that the California Supreme Court discussed in *McGill v. Citibank, N.A.,* 393 P.3d 85 (Cal. 2017).

**ANSWER TO PARAGRAPH 89:** The Court struck all claims for restitution by order dated April 2, 2021. ECF No. 22. Apple denies that Plaintiff is entitled to any recovery set forth herein. Apple states that this action cannot be maintained individually or on behalf of any class. Apple denies any remaining allegations in this paragraph.

90.     Plaintiff, on behalf of the Class members, requests that the Court enjoin Defendant from engaging in the false and misleading advertising and marketing set forth herein. If the Court does not restrain Defendant from engaging in such conduct, Plaintiff and the Class members will be harmed in that they will continue to purchase Digital Content they believe will be available indefinitely, when in fact, the Digital Content can be made unavailable at any time.

**ANSWER TO PARAGRAPH 90:** Apple denies that Plaintiff is entitled to any recovery set forth herein. Apple states that this action cannot be maintained individually or on behalf of any class. Apple denies any remaining allegations in this paragraph.

**FOURTH CLAIM**
**Unjust Enrichment**
**On Behalf of the Class**

The Court dismissed the Fourth Claim for unjust enrichment by order dated April 2, 2021, ECF No. 22, and therefore no answer is required. To the extent any response is deemed necessary, Apple expressly denies the allegations of the Fourth Claim.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming the burden of proof on any matters where that burden rests on Plaintiff, Apple asserts the following affirmative defenses to the complaint. Use of the term "Plaintiff" in these defenses refers to the named plaintiff as well as any member of the putative plaintiff classes alleged in the complaint.

**AFFIRMATIVE DEFENSE NO. 1**
**<u>Failure to State a Claim</u>**

Plaintiff fails to state claims upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2**
**<u>Lack of Standing</u>**

Plaintiff has not suffered any actual harm or injury-in-fact because he has received what he

20

has paid for: streaming access to movies, TV shows, and music while they are available on the iTunes service, as well as the ability to download that content onto his devices. Plaintiff also lacks any injury-in-fact as to any speculative risk of future harm. *TransUnion LLC v. Ramirez*, 2021 WL 2599472 (June 25, 2021). Plaintiff therefore lacks standing under Article III of the United States Constitution as well as statutory standing under the UCL, FAL, and CLRA to assert any claim against Apple.

## AFFIRMATIVE DEFENSE NO. 3
### Estoppel

As to any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes services, Plaintiff did so under the Apple Media Services Terms and Conditions and, on information and belief, failed to seek any refund for any such content and has enjoyed the use of such movies, TV shows, and music before asserting any claims against Apple. Furthermore, to the extent Plaintiff has not downloaded such movies, TV shows, or music to his devices, that is a choice that he made, not Apple. Plaintiff therefore is barred from asserting the claims in the complaint under the doctrine of estoppel.

## AFFIRMATIVE DEFENSE NO. 4
### Waiver

As to any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes services, Plaintiff did so under the Apple Media Services Terms and Conditions and, on information and belief, failed to seek any refund for any such content and has enjoyed the use of such movies, TV shows, and music before asserting any claims against Apple. Furthermore, to the extent Plaintiff has not downloaded such movies, TV shows, or music to his devices, that is a choice that he made, not Apple. Plaintiff therefore waived any and all claims against Apple with respect to such movies, TV shows, and music and is barred from asserting the claims in the complaint.

## AFFIRMATIVE DEFENSE NO. 5
### Consent

As to any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes

21

services, Plaintiff did so under the Apple Media Services Terms and Conditions and, on information and belief, failed to seek any refund for any such content and has enjoyed the use of such movies, TV shows, and music before asserting any claims against Apple. Furthermore, to the extent Plaintiff has not downloaded such movies, TV shows, or music to his devices, that is a choice that he made, not Apple. Plaintiff therefore consented to the terms and conditions of the transactions with Apple, accepted the alleged transactions, and is barred from asserting the claims in the complaint.

**AFFIRMATIVE DEFENSE NO. 6**
**<u>Assumption of the Risk</u>**

As to any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes services, Plaintiff did so under the Apple Media Services Terms and Conditions and, on information and belief, failed to seek any refund for any such content and has enjoyed the use of such movies, TV shows, and music before asserting any claims against Apple. Furthermore, to the extent Plaintiff has not downloaded such movies, TV shows, or music to his devices, that is a choice that he made, not Apple. Plaintiff therefore assumed the risk with respect to such movies, TV shows, and music and is barred from asserting the claims in the complaint.

**AFFIRMATIVE DEFENSE NO. 7**
**<u>Failure to Mitigate Damages</u>**

Although Apple denies that Plaintiff has been damaged in any amount or at all, Plaintiff failed to take reasonable measures to mitigate his alleged damages, including downloading the movies, TV shows, and music he allegedly purchased through the iTunes services.

**AFFIRMATIVE DEFENSE NO. 8**
**<u>Acceptance</u>**

As to any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes services, Plaintiff did so under the Apple Media Services Terms and Conditions and, on information and belief, failed to seek any refund for any such content and has enjoyed the use of such movies, TV shows, and music before asserting any claims against Apple. Furthermore, to the extent Plaintiff has not downloaded such movies, TV shows, or music to his devices, that is a choice that he made,

22

1  not Apple. Plaintiff's claims are therefore barred by the doctrine of acceptance.

2  **AFFIRMATIVE DEFENSE NO. 9**
**Contract**

3

4  Plaintiff agreed to and is bound by the terms of the Apple Media Services Terms and

5  Conditions, which applies to Plaintiff's transactions through the iTunes services. The terms and

6  conditions disclaim, limit, release, and otherwise bar Plaintiff's claims and the requested relief

7  herein.

8  **AFFIRMATIVE DEFENSE NO. 10**
**Intervening or Alternative Cause**

9

10  Any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes

11  services are produced and provided by third parties other than Apple who are not named in this

12  action. Those third-party content providers—not Apple—decide whether to host, or continue

13  hosting, movies, TV shows, and music on and through the iTunes services. The third-party content

14  providers are the intervening and/or alternative cause of Plaintiff's alleged injuries, while Apple is

15  not the actual or proximate cause of Plaintiff's alleged injuries.

16  **AFFIRMATIVE DEFENSE NO. 11**
**Reasonableness and Good Faith**

17

18  Apple provides accurate information to users of the iTunes services regarding their ability

19  to download movies, TV shows, and music after purchase, both through the user interface of the

20  iTunes, TV, and Music apps, as well as in the Apple Media Services Terms and Conditions and

21  other publicly available materials. At all times, Apple acted reasonably and in good faith to present

22  truthful information to Plaintiff, which has remained available to him at all times before, during,

23  and after his alleged purchases of movies, TV shows, and music through the iTunes services.

24  Plaintiff's claims therefore are barred.

25  **AFFIRMATIVE DEFENSE NO. 12**
**Statute of Limitations**

26

27  Plaintiff's claims are barred to the extent they are based on any transactions more than three

28

23

ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 2:20-CV-01628-JAM-AC

1  or four years before the date of the complaint and therefore outside of the three- and four-year

2  statutes of limitations applicable to Plaintiff's claims.

### AFFIRMATIVE DEFENSE NO. 13
#### Laches

Apple provides accurate information to users of the iTunes services regarding their ability to download movies, TV shows, and music after purchase, both through the user interface of the iTunes, TV, and Music apps, as well as in the Apple Media Services Terms and Conditions and other publicly available materials. At all times, Apple acted reasonably and in good faith to present truthful information to Plaintiff, which has remained available to him at all times before, during, and after his alleged purchases of movies, TV shows, and music through the iTunes services. As to any movies, TV shows, or music that Plaintiff allegedly purchased through the iTunes services, Plaintiff did so under the Apple Media Services Terms and Conditions and, on information and belief, failed to seek any refund for any such content and has enjoyed the use of such movies, TV shows, and music before asserting any claims against Apple. Plaintiff's claims are therefore barred by the doctrine of laches because Apple has been prejudiced by Plaintiff's unreasonable delay in brining these claims.

### AFFIRMATIVE DEFENSE NO. 11
#### Reservation

Apple reserves the right to raise any additional defenses and third-party claims not asserted herein, of which it may become aware through discovery or other investigation, as may be appropriate at a later time. Apple further reserves the right to amend or supplement its affirmative defenses at any time, up to and including trial.

### PRAYER FOR RELIEF

Wherefore, Apple respectfully prays for relief as follows:

1.     Plaintiff shall take nothing by way of his complaint;

2.     The Court enter judgment for Apple and against Plaintiff;

3.     The Court award Apple its costs of defending this action; and

1      4.      For such other and further relief as the Court deems reasonable and just.

2

3

Dated: July 9, 2021                          **DLA PIPER LLP (US)**

4

5                                            By: /s/ *Isabelle L. Ord*
                                                 ISABELLE L. ORD
6                                                RAJ N. SHAH
                                                 ERIC M. ROBERTS
7                                                Attorneys for Defendant
                                                 APPLE INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EAST\183316741.3                     ANSWER AND AFFIRMATIVE DEFENSES
                                             CASE NO. 2:20-CV-01628-JAM-AC