1  ISABELLE L. ORD
   isabelle.ord@dlapiper.com
2  **DLA PIPER LLP (US)**
3  555 Mission Street, Suite 2400
   San Francisco, CA 94105
4  Tel: 415.836.2500
   Fax: 415.836.2501
5
6  RAJ N. SHAH (*pro hac vice*)
   raj.shah@dlapiper.com
7  ERIC M. ROBERTS (*pro hac vice*)
   eric.roberts@dlapiper.com
8  **DLA PIPER LLP (US)**
   444 West Lake Street, Suite 900
9  Chicago, IL 60606
   Tel: 312.368.4000
10 Fax: 312.236.7516
11 Attorneys for Defendant
   APPLE INC.

MICHAEL R. REESE
mreese@reesellp.com
CARLOS F. RAMIREZ (*pro hac vice*)
cramirez@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

GEORGE V. GRANADE
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Telephone: (212) 643-0500

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO**

| | |
|---|---|
| David Andino, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>   v.<br>Apple Inc., a California Company,<br>               Defendant. | CASE NO. 2:20-CV-01628-JAM-AC<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure, the parties hereby submit the following Joint Rule 26(f) Report and Proposed Discovery Plan in anticipation of the Initial Conference to be scheduled.

**I.      Nature of the Case:**

**Plaintiff's Position**: Plaintiff alleges that the terms "Buy" and "Purchased" are misleading to the reasonable consumer as they are used to describe the acquisition of digital media (movies, television shows, and music) through Apple's iTunes services. Plaintiff alleges that users do not "own" the content they "Buy" or "Purchase" because there is a possibility that access to the content will be terminated, and thus users receive less than what they pay for.

**Apple's Position:** Apple denies Plaintiff's allegations and further denies that Plaintiff has lost any content, suffered any damages, or has Article III or statutory standing to pursue his claims.

**II.     Progress in the Service of Process:** Plaintiff served a copy of the Complaint on Apple on August 28, 2020. Plaintiff amended the complaint on December 7, 2020, and Apple filed a motion to dismiss on December 16, 2020, which the Court denied on April 20, 2021. Pursuant to stipulation of the parties and order of the Court, Apple filed its Answer and Affirmative Defenses on July 9, 2021.

**III.    Possible Joinder of Additional Parties:** The parties do not anticipate joinder of any additional parties.

**IV.    Any Expected or Desired Amendment of the Pleadings:** The parties do not anticipate any amendments to the pleadings at this time.

**V.     Jurisdiction and Venue**: Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act), and that venue is proper because Plaintiff resides in this district, and Apple does business in this district.

**VI.    Anticipated Motions and Scheduling of Motions**: Plaintiff anticipates filing a motion for class certification on or before January 20, 2023, which Apple will oppose. Apple anticipates filing a motion for summary adjudication or summary judgment, which Apple intends to file around the same time as Plaintiff's motion for class certification. Apple reserves the right to

bring an earlier motion for summary judgment. The parties may file motions challenging experts and also reasonably anticipate filing motions in *limine* and other appropriate pretrial motions if the matter were to proceed to trial. Discovery motions may also be required.

**VII.    Anticipated Discovery and Scheduling of Discovery**:

    **A.    Rule 26(a) Disclosures**: The parties do not believe any changes should be made in the form or requirement for disclosures under Rule 26(a), except as otherwise hereafter provided for pursuant any stipulation of the parties or order of the Court. The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in May 2022. The parties propose the timing of the disclosures under Rule 26(a)(2) and (3) below.

    **B.    Subjects of Discovery:** The parties agree that discovery will be needed on the parties' claims and defenses, alleged damages, alleged liability, and issues of class certification under Rule 23(a) and (b). The parties have already served and responded to first sets of written discovery.

    **C.    Discovery Limits:** The parties agree that, currently, no modification is needed to the discovery limitations under the Federal or Local Rules. Plaintiff reserves the right to seek more than 25 interrogatories, and Apple objects. The parties further agree discovery should not be formally bifurcated between class and merits discovery.

    **D.    Timing of Rule 26(a)(2) Disclosures:** The parties propose a schedule for discovery deadlines, including Rule 26(a)(2) disclosures, below.

**VIII.    Future Proceedings and Cut-off Dates:** The Parties have agreed to the following pretrial schedule:

| | |
|---|---|
| Rule 26(a)(1) disclosures due: | June 17, 2022 |
| Motion to join new parties or amend the pleadings: | June 17, 2022 |
| Plaintiff's deadline to disclose experts in support of class certification: | December 23, 2022 |
| Final date to file motion for class certification: | January 20, 2023 |
| Apple's deadline to disclose experts in opposition to class certification: | February 24, 2023 |
| Apple's opposition to class certification due: | March 17, 2023 |

3
JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

| | |
|---|---|
| Plaintiff's reply in support of class certification due: | April 14, 2023 |
| Deadline to complete private mediation | May 30, 2023 |
| All fact discovery completed by: | 90 days after a decision on the motion for class certification |
| Plaintiff's expert disclosures due: | 100 days after a decision on the motion for class certification |
| Apple's expert disclosures due: | 150 days after a decision on the motion for class certification |
| Plaintiff's rebuttal expert disclosures due: | 180 days after a decision on the motion for class certification |
| Expert depositions completed by: | 200 days after a decision on the motion for class certification |
| Final date to file dispositive motions: | 230 days after a decision on the motion for class certification |
| Rule 26(a)(3) disclosures due: | 30 days before trial, as scheduled according to the Court's schedule. |
| Submission of joint pretrial order: | To be scheduled according to the Court's schedule after a ruling from the Court on class certification and summary judgment. |
| Final pretrial conference: | To be scheduled according to the Court's schedule after a ruling from the Court on class certification and summary judgment |

**IX.      Appropriateness of Special Procedures:** The parties do not anticipate requesting any special procedures at this time.

**X.      Estimate of Trial Time:** To the extent a trial is necessary, the parties anticipate the trial will last 5-7 trial days.

**XI.      Modification of Standard Pretrial Procedures**: At this time, the parties do not anticipate requesting any modification to standard pretrial procedures.

**XII.      Relation to Other Cases:** This case is not related to any other pending cases in this District.

**XIII.      Setting of Settlement Conference:** The parties agree that it would be best to defer settlement discussions and any alternative dispute resolution process until the parties have engaged in additional fact discovery that will allow each party to better evaluate its respective position. At this time, the parties intend to engage in a private mediation to be completed no later than April 31, 2023.

**XIV.    Other Matters:**

   A.   **Electronically Stored Information ("ESI"):** The parties are negotiating a stipulation addressing the production of ESI and anticipate reaching such stipulation.

   B.   **Confidential Information:** The parties are negotiating a stipulated protective order concerning the production of confidential information and anticipate submitting an agreed order.

   C.   **Claims of Privilege or Protection as Trial-Preparation Materials:** The parties expect that documents will be withheld from production pursuant to the attorney-client privilege. The parties further agree that communications involving outside and/or in-house counsel that post-date the filing of the original complaint need not be placed on any privilege log.

Date: May 24, 2022

**DLA PIPER LLP (US)**

By: */s/ Isabelle L. Ord*
    ISABELLE L. ORD
    Attorneys for Defendant APPLE INC.

Date: May 24, 2022

**REESE LLP**

By: */s/ Carlos F. Ramirez* (as authorized on May 23, 2022)
    CARLOS F. RAMIREZ
    Attorneys for Plaintiff DAVID ANDINO

5
JOINT RULE 26(F) REPORT AND DISCOVERY PLAN