UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Company,<br><br>Defendant. | No.  2:20-cv-01628 DAD AC<br><br><br>ORDER |

This matter is before the court on defendant's motion to compel production of documents and devices for forensic inspection. ECF No. 48. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The matter was taken under submission on the papers. ECF No. 49. For the reasons set forth below, the motion is GRANTED.

**I.     Relevant Background**

This case is a putative class action in which plaintiff alleges that defendant Apple misled reasonable consumers into paying more than they otherwise would have by misrepresenting that they were buying ownership of "Digital Content" at the point of purchase when, in truth, they were essentially getting a lease. ECF No. 11 at 1-7. Plaintiff alleged that  representations related to the option to "buy" Digital Content are "misleading because they give the impression that the Digital Content is purchased – i.e. the person owns it – when in fact that is not true because

1  Defendant or others may revoke access to the Digital Content at any time and for any reason." Id.
2  at 7.  The parties are currently engaging in discovery.

3  Through the motion at bar, Apple seeks to compel a limited inspection of the devices
4  ("Devices") the plaintiff used to purchase, download, use, and otherwise access the Digital
5  Content at the heart of this case.  Defendant argues that the "Apple Media Services Terms and
6  Conditions ("Terms") applicable to his purchases clearly warned him to download the content or
7  "back it up" because it "may not be available for subsequent download at any given time." ECF
8  No. 51 at 6.  Defendant asserts the forensic inspection is necessary because "plaintiff has placed
9  his purchase and use of Digital Content at issue, leading Apple to seek discovery regarding (1)
10 what Digital Content he purchased, (2) whether and how he uses or accesses that Digital Content,
11 (3) whether the plaintiff heeded Apple's warning to download or otherwise back up any of his
12 Digital Content, and if so, which content and when, (4) which purchased Digital Content, if any,
13 the plaintiff can no longer access and whether that inaccessibility was caused by him or Apple,
14 and (5) if the plaintiff lost access to Digital Content, how much value he and others got from his
15 purchases before the content became inaccessible.  These issues are directly relevant to Apple's
16 defenses to liability and damages and whether the plaintiff can sustain his claims or prove them
17 on a class-wide basis." Id. at 8.

18 This case is factually related to another pending case in the Western District of New York,
19 McTyere v. Apple Inc., No. 21-CV-1133-LJV.  McTyere is a parallel case involving the same
20 plaintiff's counsel, Reese LLP, and defense counsel, DLA Piper LLP (US), and nearly identical
21 claims against Apple.  This court found good cause to modify the May 25, 2022 and June 1, 2023
22 Scheduling Orders to better align and coordinate this case with the schedule in McTyere.  ECF
23 Nos. 38, 43, 47, 50.  Pursuant to Local Rule 230(m)(2), defendant gave notice to the undersigned
24 of a decision in McTyere regarding a motion to compel forensic inspection that is substantively
25 identical to the motion before the undersigned.  ECF No. 52, McTyere at ECF No. 60 (W.D.N.Y.
26 Dec. 20, 2023).  The decision in McTyere granted the motion and compelled the production of the
27 devices of the McTyere plaintiffs for forensic inspection, which is the same relief sought in the
28 pending motion.  ECF No. 52.

1                              **II.     Motion to Compel**

2       The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

3   26(b)(1).  The current Rule states:

>  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

Here, the court has fully reviewed the motion to compel and considered all the arguments presented in the joint statement.  ECF No. 51.  The court also reviewed the decision in McTyere.

ECF No. 52 at Ex. A.  The undersigned agrees with the McTyere court that the motion to compel must be granted.  The court finds the discovery is relevant because defendant is entitled to test plaintiff's allegations that plaintiff actually lost access to digital content, and to investigate whether plaintiff followed the instructions to download the Digital Content.  Plaintiff has not shown that the requested forensic imaging is unreasonable or unduly burdensome in this case, where content on computers and devices is at the heart of the dispute.  Privacy concerns are addressed by the existing protective order.  ECF No. 33.  For all of these reasons, the motion is granted.

### III.   Conclusion

Defendant's motion to compel a forensic inspection (ECF No. 48) is GRANTED.

IT IS SO ORDERED.

DATED: January 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE