UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Company,<br><br>Defendant. | No. 2:20-cv-01628 DAD AC<br><br><br>ORDER |

This matter is before the court on two discovery motions brought by plaintiff: a motion to compel production (ECF No. 57, joint statement at ECF No. 60) and a motion for a protective order (ECF No. 63, joint statement at ECF No. 65). These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1) and were taken under submission. ECF Nos. 58 and 64. In light of the procedural history of this case, discussed below, there are no pending discovery deadlines and requests related to deadline extensions are therefore moot. For the reasons stated below, the court will (1) deny plaintiff's motion to compel (ECF No. 58) on the merits, (2) deny the motion for a protective order (ECF No. 63) as premature, and (3) set a discovery management conference for October 2, 2024.

////

////

1

## I. Relevant Background

This case is a putative class action in which plaintiff alleges that defendant Apple misled reasonable consumers into paying more than they otherwise would have by misrepresenting that they were buying ownership of "Digital Content" at the point of purchase when, in truth, they were essentially getting a lease. ECF No. 11 at 1-7. Plaintiff alleged that representations related to the option to "buy" Digital Content are "misleading because they give the impression that the Digital Content is purchased – i.e. the person owns it – when in fact that is not true because Defendant or others may revoke access to the Digital Content at any time and for any reason." Id. at 7. The discovery motions at bar were filed on March 4, 2024 and March 20, 2024, but on April 4, 2024, the parties stipulated to stay the case pending private mediation. ECF No. 69. Having determined that they could not proceed without a resolution of the pending discovery motions, the parties did not complete mediation, decided to proceed with the litigation, and the stay was lifted. ECF No. 76. The district judge declined to issue a new scheduling order pending resolution of the instant discovery motions, id., and so there are no operative deadlines.

## II. Motion to Compel

Plaintiff's motion to compel raises several issues. First, the parties disagree as to the definition of "digital content" as relates to the scope of production. Second, plaintiff asserts that there are additional ESI networks that Apple was obligated to search per the terms of the ESI agreement, that it did not search. Third, certain witnesses have been identified as both individual deponents and as 30(b)(6) deponents. Plaintiff takes the position that he should be able to depose these individuals in two separate depositions – one deposition for each capacity in which they are testifying. Apple takes the position that each individual can only be deposed once and must be deposed in both capacities at the same time. Fourth, plaintiff asks the court to compel supplemental responses to its first set of interrogatories Nos. 1, 4, 5, 7, 8, and 12, using the expanded definition of "digital content" it seeks above. Finally, plaintiff seeks to extend discovery deadlines. As noted above, the issue related to deadlines is now moot and will not be ruled on. The district judge has already indicated that a new scheduling order will issue following resolution of the matters decided herein. See ECF No. 76.

A. <u>Applicable Legal Standard</u>

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

B. <u>Scope of "Digital Content"</u>

Plaintiff seeks supplemental discovery responses regarding "Digital Content" other than movies, television shows and music. The latter are indisputably central to the case and have been the primary subject of discovery to date. The parties dispute whether additional forms of "Digital Content" sold by Apple are subject to discovery.

The court begins with the allegations of the operative First Amended Complaint ("FAC"), which frame the issues. The first paragraph of the FAC states by way of background that defendant "includes among its myriad services the option for consumers to 'Rent' or 'Buy' movies, television shows, music and other media (the 'Digital Content')." ECF No. 11 at 2, ¶ 1. The FAC's class allegations refer to "Digital Content" generically, without any further definition or specification as to types of content or media that class members have purchased.[1] Specific factual allegations regarding the allegedly misleading purchase option at the heart of the case are limited to music, movies, and television shows. <u>See id.</u> at 2-3, 5-6, 7, 8 (movies); 3, 7 (television shows); and 4, 6 (music). There are no specific allegations regarding the marketing for sale of any other forms of media, nor any definition of "other media." The FAC contains no mention,

---

[1] "The class consists of all persons nationwide who purchased Digital Content from Defendant from August 13, 2016 and through class certification and trial (the "Class")." ECF No. 11 at 9.

3

even a conclusory allegation, regarding any type of digital content other than movies, television shows, and music.

Apple argues in opposition to the motion to compel that by seeking discovery related to digital content other than movies, television shows and music, plaintiff is seeking a de facto amendment of his complaint. ECF No. 60 at 14. Apple notes that in plaintiff's Rule 26(f) statement, he stated that he "alleges that the terms 'Buy' and 'Purchased' are misleading to the reasonable consumer as they are used to describe the acquisition of digital media (movies, television shows, and music)." See ECF No. 28 (Joint Rule 26(f) Report) at 2.

The court agrees with Apple that the FAC's single vague reference to "other media" does not support the undefined and seemingly unlimited scope of discovery that plaintiff proposes. Indeed, even in the joint statement, plaintiff does not concretely define the "other media" about which he seeks information. In arguing that "Digital Content" means more than just movies, shows, and music, plaintiff reports that he has received in discovery from Apple some information related to "digital books, audio books, Apple apps, third party apps, games, ringtones, concert films, music videos, etc." ECF No. 60 at 6. This illustrative list suggests to the court not that Apple has agreed to an all-encompassing definition of the "Digital Content" that is in issue, but to the contrary that expanding discovery to anything that can be purchased from or through Apple would exceed the limits of relevance and proportionality. For example, nothing in the FAC indicates that Apple has control over consumers' ongoing access to third-party apps that may purchased through Apple.

The FAC makes specific allegations regarding misleading purchase options only as to movies, television shows, and music. The court agrees with Apple that discovery into the undefined world of "other media" is not sufficiently relevant to the plaintiff's claims, as pleaded, to justify the burden plaintiff seeks to impose. Accordingly, the motion is DENIED on this point.

C. Scope of ESI Network Search

Plaintiff asserts that "Apple has repeatedly ignored Plaintiff's request for confirmation that Apple searched all personal computers and devices that the custodians use for work." ECF No. 60 at 8. Plaintiff asks that this court order that Apple comply with the ESI Order, which

states that "ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes," by conducting searches and producing responsive documents from (1) network resources that Apple custodians use for non-technical work communications and calendaring, including but not limited to Slack, SMS text, internal message apps and/or platforms, and any other "chat" networks, apps, or functions used at Apple and (2) the custodians' personal computers and devices that they use for work. ECF No. 60 at 8.

Apple argues that the ESI networks identified by plaintiff are not susceptible to system-wide search and are not regularly used by the custodians for relevant work purposes, but that if the plaintiff had specific documents that he believed were relevant, or specific targeted searches within those platforms, Apple would consider those requests. ECF No. 60 at 2. Apple argues the issue is not ripe because meet and confer has not been exhausted. Further, Apple argues it has collected and produced work email from the relevant custodians and conducted searches across multiple networks to identify relevant customer records, internal procedure documents, third-party contracts, and other materials amounting to over 130,000 pages, and given that plaintiff failed to make even a slight initial showing of relevance, it would be disproportionate to force Apple to search the personal devices of non-parties for information that the plaintiff has no reason to suspect actually exists. See Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(i).

The court agrees with Apple that at this juncture, a broad, open ended search of multiple platforms and personal devices is not proportionate to the needs of the case, particularly where plaintiff cannot articulate any specific need for the additional discovery or narrow down the proposed search in any way. The motion is DENIED on this point.

D. Deposition Witnesses

Plaintiff served a notice of deposition under Fed. R. Civ. P. 30(b)(6) on 21 topics and served notices of deposition of several individual witnesses under Fed. R. Civ. P. 30(b)(1). ECF No. 60 at 8. Apple has taken the position that it will make each individual available for deposition one time, such that any witness who is noticed as both a 30(b)(6) designee and a

30(b)(1) witness will be deposed in both capacities on the same day.[2] Plaintiff argues it "is wholly unreasonable for Plaintiff to be expected to shoehorn into a seven-hour deposition a witness who will be providing testimony in two completely different capacities (one as an individual, the other as a corporate representative), and such a blanket requirement is unsupported by any legal authority." ECF No. 60 at 9.

The court agrees with Apple that there is no good cause to preemptively rule that plaintiff can depose Apple's identified 30(b)(6) witnesses twice—for a total of 14 hours each—once in their corporate capacity and once in their individual capacity. The presumption under the Federal Rules is that a witness may be deposed for up to seven hours unless otherwise authorized by the court or stipulated to by the parties. Fed. R. Civ. P. 30(d)(1). "Although a Rule 30(b)(6) deposition is distinctly different from an individual fact witness deposition, the inquiring party does not have a 'carte blanche' to depose a witness for seven hours as an individual and seven hours as a 30(b)(6) witness." Ho v. Marathon Patent Grp., Inc., 2021 U.S. Dist. LEXIS 217075, *7, 2021 WL 10862799 (C.D. Cal., Nov. 9, 2021). The depositions have not yet been taken and there is no specific, articulated need to extend the presumptive time limit; the court will not preemptively grant plaintiff double the regularly allotted time to depose these witnesses. The motion is DENIED on this point.

    E.   <u>Further Responses to Specific Interrogatories</u>

Plaintiff asks the court to compel supplemental responses to its first set of interrogatories Nos. 1, 4, 5, 7, 8, and 12, using the expanded definition of "digital content" it seeks above. The court has declined to expand the definition of "digital content." Apple stated in its response that the supplementation itself is not an actual dispute requiring court intervention because Apple has committed to amending these responses in March of 2024, in advance of any deposition of an Apple witness. The date for amendment has now passed. The court presumes that Apple has

---

[2] The court acknowledges that the parties also address timing and scheduling of the depositions. Because this case was stayed between the filing of the motion to compel and this order, the court cannot rule on the issue of timing and scheduling as the proposed dates and agreements have presumably changed in the interim. See ECF No. 60 at 17-18. The court finds the issue, as presented in the joint statement, is moot.

6

made the supplementation and, with no other information available at this time, determines that this issue is moot.  This determination is without prejudice and may be raised again in a subsequent motion if the supplementation was not made as agreed.

For all the reasons set forth above, the motion to compel (ECF No. 47) is DENIED in its entirety.

### III.   Motion for Protective Order

On January 17, 2024, the undersigned issued an order granting defendant's motion to compel a forensic inspection of plaintiff's electronic devices.  ECF No. 54.  Plaintiff seeks a court order "stating that (1) Plaintiff Andino is not in civil contempt of this Court's Order, ECF No. 54, (2) Plaintiff Andino may not be recalled for further deposition testimony based on Apple's scanning of additional devices, (3) Plaintiff Andino need not update any of his Responses to Defendant Apple's Interrogatories, including Defendant's Interrogatory No. 20, to the extent that Apple already possesses all relevant information called for by the Interrogatories, and (4) for such other and further relief as this Court may deem just and proper."  ECF No. 65 at 2.

A.  Legal Standard

Generally, absent a court order limiting discovery, plaintiffs are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Courts may terminate or limit the manner and scope of a deposition in accordance with Federal Rule of Civil Procedure 26(c).  Fed. R. Civ. P. 26(c).  The party seeking the protective order has the heavy burden of demonstrating that "good cause" exists for the protection of the materials.  Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir.2004) (citation omitted).  "'Good cause' is established where it is specifically demonstrated that disclosure will cause a 'specific prejudice or harm.'"  Id. (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir.2002)).  This standard is not satisfied by "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning."  Id.  Rather, a party seeking to obtain a protective order must make a "particularized showing of good cause."  Phillips, 307 F.3d at 1211 (quoting San Jose

////

1   Mercury News, Inc. v. U.S. Dist. Court-Northern Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir.
2   1999)).

### B. The Motion is Premature

On March 14, 2024, six days before the motion for a protective order was filed, defense counsel sent a letter to plaintiff's counsel stating that plaintiff testified in his deposition that he owns a laptop computer that he uses for digital content, as well as an iPad, and that he failed to produce these devices for inspection. ECF No. 65-5 at 2. Counsel asserted that because of this, plaintiff was in civil contempt of the court order at ECF No. 54. Id. Defense counsel went on to accuse plaintiff of failing to preserve relevant documents and failing to produce all responsive documents. Id.

As to the issue of contempt, plaintiff failed to adequately meet and confer. Local Rule 251's fundamental requirement, "Requirement for Conferring," mandates that a motion for protective order "shall not be heard unless (1) the parties have conferred and attempted to resolve their differences." LR 251(b)(1). Defendant states there has been no meaningful conversation on the issue of contempt. ECF No. 65 at 11. Further, after the letter referencing contempt was sent, plaintiff agreed to produce the referenced devices. Id. at 11-12. Defendant has not brought any motion regarding contempt and the issue is not ripe for consideration. Plaintiff asserts that a *sua sponte* contempt finding in the factually related case in New York (McTyere v. Apple, 1:21-cv-01133-LJV-JJM (W.D.N.Y.)) necessitates a protective order regarding contempt here. It does not. The issue is not ripe in this case. The court declines to issue an advisory ruling.

Plaintiff's other requests are likewise premature. Plaintiff asks for a protective order that plaintiff need not supplement any responses to Apple's interrogatories to the extent that Apple already has such information in its own business records, but there is no such open request for supplementation from Apple. ECF No. 65 at 5, 9. Plaintiff asks that this court order that Apple cannot reopen the deposition of plaintiff based on the forensic inspection of additional personal devices, but Apple has not requested to re-open plaintiff's deposition. ECF No. 65 at 6, 11. Again, the court will not issue advisory opinions on discovery disputes that may or may not ever arise. The motion is premature and must be DENIED.

### IV. Discovery Management

On August 19, 2024, an informal discovery dispute resolution conference was scheduled at the request of the parties. ECF No. 77. After reviewing the parties' joint letter in advance of the conference, the undersigned vacated the conference. ECF No. 78. The informal discovery dispute resolution process is suitable for discrete and relatively minor disputes that are amenable to resolution on a limited record. It did not appear to the undersigned that the issues presented in the joint letter were suitable for this format. Moreover, the matters referenced in the joint letter appeared to be intertwined in part with matters presented in the Joint Status Report filed on August 9, 2024 (ECF No. 75). In response to that status report, the district judge ordered that "the parties' request for a status conference regarding their respective positions as to the coordination of discovery, depositions, and document productions shall be addressed to the assigned magistrate judge." ECF No. 76.

Accordingly, a discovery management conference is HEREBY SET for October 2, 2024 at 10:00 a.m., to discuss the matters presented in the Joint Status Report (ECF No. 75). No later than September 25, 2024, the parties may file optional separate statements updating the information contained in the Joint Status Report and in the informal joint letter regarding discovery dispute. **Any supplemental statement is limited to 5 pages.**

The discovery motions at ECF Nos. 57 and 63 having been resolved herein, the parties shall file their joint scheduling statement in accordance with Judge Drozd's order at ECF No. 76 so that a new scheduling order may issue.

### V. Conclusion

For the reasons explained above, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, ECF No. 57, is DENIED;
2. Plaintiff's motion for a protective order, ECF No. 63, is DENIED; and
3. A discovery management conference is SET before the undersigned on October 2, 2024 at 10:00 a.m. The hearing will be held via Zoom. Please contact the Courtroom Deputy Jonathan Anderson by email at janderson@caed.uscourts.gov one day prior to the scheduled hearing to receive the Zoom information. Optional supplemental

statements regarding discovery management may be filed by the parties separately no later than September 25, 2024; any such statement may not exceed 5 pages.

IT IS SO ORDERED.

DATED: August 28, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE