UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANDINO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC., a California Company,

Defendant.

No. 2:20-cv-01628 DAD AC

ORDER

This case is before the court for resolution of various discovery disputes, which are presented in an omnibus joint statement as ordered by the court. ECF No. 121. Also before the court is plaintiff's motion for sanctions. ECF No. 117. Non-expert discovery in this case is set to close on June 12, 2025. ECF No. 98. The parties appeared for oral argument on April 30, 2025, before the undersigned. ECF No. 143.

## I. Relevant Background

This case is a putative class action in which plaintiff alleges that defendant Apple misled reasonable consumers into paying more than they otherwise would have by misrepresenting that they were buying ownership of "Digital Content" at the point of purchase when, in truth, they were essentially getting a lease. ECF No. 11 at 1-7. Plaintiff alleged that representations related to the option to "buy" Digital Content are "misleading because they give the impression that the

Digital Content is purchased – i.e. the person owns it – when in fact that is not true because Defendant or others may revoke access to the Digital Content at any time and for any reason." Id. at 7. A similar case is pending in the Western District of New York, McTyere et al. v. Apple, 1:21-CV-01133 (W.D.N.Y.) ("the New York Action"). The parties have been before the court on discovery disputes numerous times throughout this litigation.

## II. Disputes Presented in Omnibus Joint Statement

The omnibus joint statement (ECF No. 121) addresses several motions to compel brought by plaintiff, and a motion for a protective order brought by defendant. The basic legal standards applicable to these disputes are familiar to the parties and need not be repeated here.

### A. Motion for Protective Order Regarding Anticipated Vaughn Deposition

Defendants request a protective order in advance of the anticipated deposition of Apple's forensic consulting expert, James Vaughn. ECF No. 121 at 22. Apple asserts that while it does not seek to prevent Vaughn's deposition, it believes plaintiff intends to use the deposition to prove that Apple lacked legitimate reasons to compel a forensic examination, and that plaintiff will improperly seek protected work product or privileged information. Id. The court has considered the parties' briefing and argument in the matter. The motion is granted in part and denied in part. The court concludes that Mr. Vaughn has waived any potential privilege or other protections *only* with respect to the contents of the declarations he has filed with this court. He may be questioned about the matters attested to in those declarations. Otherwise, because Mr. Vaughn is a non-testifying consulting expert, plaintiff is not entitled to "discover facts known or opinions held" by him. Fed. R. Civ. P. 26(b)(4)(D). The court declines to issue protections beyond these basic guardrails at this time, and strongly encourages the parties to work cooperatively to minimize disputes at the anticipated deposition.

### B. Plaintiff's Motions to Compel are Denied

Plaintiff seeks to compel various expanded productions from Apple. Each request is addressed independently below.

#### i. Additional Custodians

In 2023, Apple selected five document custodians, which Apple contends "encompasses

individuals from multiple departments possessing relevant knowledge." ECF No. 121 at 9, 12. Plaintiff contends that he has repeatedly questioned Apple whether this limited list was sufficient, and now moves to expand the list to include: "(1) all of the persons identified by Apple in its second amended initial disclosure as "individuals who may possess discoverable information," (3) the yet unidentified witness who Apple agreed to produce as an additional corporate witness to provide testimony regarding Apple's handling of customer complaints relating to purchased digital content rendered inaccessible by Apple, (4) Hilary Bentley, and (5) individuals from all other groups identified by Mr. Foster as being involved in the creation, updating, and implementation of the key policies at issue." Id. at 9. Apple contends that this request to substantially expand the scope of discovery shortly before the discovery deadline would not only force unnecessary delays in this case but would result in cumulative and duplicative productions. ECF No. 121 at 12.

Having considered the argument and briefing and the parties' arguments, the court agrees that adding the requested custodians is unlikely to lead to non-duplicative discovery and is disproportionate to the needs of the case. Plaintiff has not identified specific information it seeks that is unique to these additional custodians. The mere possibility that conversations or comments may exist among a range of collaborators is not enough to warrant a significant expansion of discovery. The parties have been engaged in very active discovery for years, hundreds of thousands of documents have been produced, and the request to substantially expand the already voluminous discovery is insufficiently justified. The motion is accordingly denied on this point.

ii. Additional Platforms

Plaintiff asks the court to compel Apple to produce documents from two internal platforms, or in the alternative, to produce a witness that can testify about the relevant information housed on those platforms. ECF No. 121 at 10. Plaintiff contends that Apple employees collectively discuss consumer complaints and other "substantive issues" on these platforms. Id. at 9-10. Apple contends that these platforms have limited searching capabilities, and Apple would have to "build a new code or script before data can be exported into a readable

format" and the platforms "primarily house irrelevant and cumulative information." Id. at 13.

"[A] court may limit discovery" from ESI sources when "the burden or expense of the proposed discovery outweighs the likely benefit." U.S. ex rel. Carter v. Bridgepoint Educ., Inc., 305 F.RD. 225, 237 (S.D. Cal. 2015); see Fed. R. Civ. P. 26(b)(2)(C). The court has reviewed the parties' arguments, and the information presented. Considering the procedural posture of this case, the limited likelihood of the platforms producing significant nonduplicative responsive data, and the technological burden presented by searching the platforms, the court declines to compel the additional searches.

iii. Scripts and Policies

Plaintiff's RFP No. 22, served more than three and a half years ago, on September 2, 2021, requested "[a]ll Documents and Communications concerning any complaints from consumers . . . [concerning the] unavailability of Digital Content subsequent to its purchase by the consumer." See ECF No. 60-4 at 14. Following past orders on motions to compel, Apple produced deponent John Forester, who identified five policies and related scripts responsive to RFP No. 22 that Apple had not yet produced. ECF No. 121 at 18. Apple has now produced the five policies but has not produced documents reflecting the "collaborative process" through which these policies were developed. Id. Plaintiff asks the court to compel Apple to produce all documents and communications related to the documents produced.

Apple contends that it has made the necessary production and has applied numerous search strings across custodians to respond to RFP No. 22, and that no further production should be compelled. ECF No. 121. Apple argues that plaintiff "fails to articulate how the hundreds of thousands of pages of documents Apple has already produced are insufficient. Nor does he explain why any purported documents about the 'collaborative process' of creating policies would be relevant to his claims." Id. at 19. The court agrees with Apple that further production is not necessary; there is no obvious need for documents reflecting the drafting of the policies and scripts produced, and plaintiff does not present any convincing argument. Accordingly, the court declines to order a further search or production.

////

iv. Survey

Plaintiff's RFP No. 6, again served more than three and a half years ago, requested "[a]ll Documents and Communications, including, any study, report, research, evaluation, assessment, or analysis concerning the pricing, labeling, marketing and advertising of Digital Content, including any Documents or Communications concerning consumer behavior, psychology or decision- making." See Plaintiff's First RFPs, dated September 2, 2021, ECF No. 60-4, at 10. Apple produced one survey, which was 268 pages in length. ECF 90-12. Apple searched for related emails and provided a 36 page responsive email thread. ECF No. 121 at 21. Plaintiff contends that the email chain demonstrates that several other employees are likely to know where relevant information and documents about the survey are stored at Apple and ask the court to order Apple to expand its search related to the survey. Id. at 21. Apple states that "to avoid burdening the Court with this unnecessary dispute, Apple performed further reasonable investigations by consulting with numerous Apple representatives about whether any other responsive survey documents exist, and did not locate any additional documents." Id. The court is satisfied that the search has been sufficient. Plaintiff provides nothing beyond speculation that additional documents exist. Considering the procedural posture of this case and the limited likelihood that a compelled additional search would yield unique responsive documents, the motion is denied on this point.

**III. Motion for Sanctions**

On August 29, 2023, defendant first filed a motion to compel a forensic inspection of plaintiff's devices. ECF No. 45 (joint statement at ECF No. 51). The motion was signed by counsel and was supported by the declaration of James D. Vaughn, "the Managing Director of iDiscovery Solutions (iDS), which provides forensic analysis and eDiscovery services across the country." ECF No. 51-17. In the joint statement, Apple contended that a forensic inspection of plaintiff's devices was necessary to determine: "(1) what Digital Content he purchased, (2) whether and how he uses or accesses that Digital Content, (3) whether the plaintiff heeded Apple's warning to download or otherwise back up any of his Digital Content, and if so, which content and when, (4) which purchased Digital Content, if any, the plaintiff can no longer access

and whether that inaccessibility was caused by him or Apple, and (5) if the plaintiff lost access to Digital Content, how much value he and others got from his purchases before the content became inaccessible." ECF No. 51 at 7-8. Apple contended the information to answer these questions resided "exclusively" on plaintiff's devices. Id. at 8.

The court granted the motion to compel a forensic inspection on January 17, 2024. ECF No. 54. The undersigned reasoned that "defendant is entitled to test plaintiff's allegations that plaintiff actually lost access to digital content, and to investigate whether plaintiff followed the instructions to download the Digital Content." Id. at 4. The undersigned further found that "the requested forensic imaging is not unreasonable or unduly burdensome in this case, where content on computers and devices is at the heart of the dispute," and that privacy concerns were adequately addressed by the existing protective order. Id.

On March 10, 2025, Apple submitted a letter to the court to "clarify certain statements made to the Court in connection with Apple Inc.'s Amended Motion to Compel the Production of Plaintiffs' Devices for Forensic Inspection (ECF No. 48) and the Joint Statement Re Discovery Disagreement (ECF No. 51)." ECF No. 114. In the letter, Apple notified the court that when it filed the motion to compel a forensic inspection it believed, based on a "diligent and good faith investigation," that Apple did not maintain records that reflect whether a customer downloads and/or redownloads digital content to an Apple device. Id. at 1. The letter goes on to state that "upon further investigation, [counsel] subsequently learned that Apple does maintain" records showing whether an individual downloaded and/or re-downloaded content to an Apple device. Id. However, Apple maintains that it does not retain other records that were presented as the rationale for the motion to compel a forensic inspection, including whether the user deleted content, backed up content to iCloud or a third part storage service or external hard drive, or whether digital content exists on an Apple device at any given point in time. Id. at 1-2.

Plaintiff moves for sanctions against Apple and Apple's counsel, arguing that the revelation in the letter was not simply a clarification based on a recent discovery, but that—as plaintiff's counsel notified the court in its March 13, 2024 joint statement (ECF No. 60 at 4)—earlier discovery had shown that Apple already knew the information prior to the forensic

inspection. ECF No. 117 at 7. Plaintiff argues that after the motion to compel a forensic examination was filed, Apple produced discovery showing it maintains records including every download of content to an Apple device and every backup made on an iCloud account, and consumers cannot delete those records. ECF No. 117 at 7-8. Plaintiff argues that Apple's bad faith is demonstrated by the fact that it waited a year to send the March 10, 2025 letter to correct the misrepresentation in the motion to compel a forensic examination.

At hearing on the instant motions, it became clear that plaintiff's upcoming deposition of Mr. Vaughn may develop facts relevant to the motion for sanctions. Accordingly, in the interests of judicial economy and docket management, the court will deny the sanctions motion without prejudice at this time, subject to renewal following the Vaughn deposition. The court makes *no findings* as to the merits of plaintiff's motion for sanctions.

## IV. Conclusion

For the reasons explained above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for sanctions (ECF No. 117) is DENIED as premature without prejudice to re-filing and without a determination on the merits;
2. Defendant's motion for a protective order (included in ECF No. 121) is GRANTED in part and DENIED in part as described above;
3. Plaintiff's motions to compel (included in ECF No. 121) are DENIED; and
4. The parties shall bear their own costs.

DATED: May 1, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE